UNITED STATES, Appellee

v.

PAUL WYCLIFF, Private E–2, U. S. Army, Appellant

3 USCMA 38, 11 CMR 38

No. 1945

Decided July 3, 1953

LT COL Edgar R. Minnich, U. S. Army, and 1ST LT Alexander J. Jemal, Jr., U. S. Army, for Appellant.

LT COL Thayer Chapman, U. S. Army, LT COL William R. Ward, U. S. Army, 1ST LT Richard L. Brown, U. S. Army, and 1ST LT Donald M. Sukloff, U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

Accused stands convicted, following trial by general court-martial, of assault with intent to commit rape, and as well of sodomy, the former a violation of the Uniform Code of Military Justice, Article 134, 50 USC § 728, and the latter of Article 125, 50 USC § 719. Review by this Court was granted in response to a petition duly filed by the accused.

## II

The single issue raised concerns the refusal of the law officer to instruct the members of the court-martial on the elements of the lesser offense of indecent assault, a crime proscribed by Article 134 of the Code, supra; and his direction to the court that this lesser offense could not be found lawfully under the specification alleging an assault with intent to commit rape, as drawn in this case. As background preliminary to a consideration of this question, the following facts must be recounted, and certain portions of the record set out. After the court had been in deliberation on its findings for approximately an hour, the court was reopened, and the following colloquy took place:

"PRES: It is the desire of the court to entertain a discussion of the lesser included offense of the Charge II and the Specification, in the case now in hearing. The instructions from the law member, and I will quote:

" 'The court is further advised that included within the offense of assault with intent to commit rape, as alleged in the Specification of Charge II, in order of their seriousness, are the lesser offenses of assault and battery and assault, both of which are offenses in violation of Article 128.'

"I would like to ask the law member for a discussion as to a lesser included offense of indecent assault, which is not shown in the offenses.

"LO: With respect to the question posed by the president of the court the attention of the court is invited to Paragraph 213d (2) of the Manual for Courts-Martial, 1951, at page 386, which contains a discussion of the offense of indecent assault. That paragraph states that indecent assault is the taking by a man of indecent, lewd, or lascivious liberties with the person of a female, without her consent and against her will, with intent to gratify his lust or sexual desires. The discussion further states that in a proper case indecent assault may be a lesser included of-

fense of assault with intent to commit rape.

"In this case the Specification of Charge II does not contain an allegation that the accused took indecent, lewd or lascivious liberties with the person of a female, without her consent and against her will, with the intent to gratify his lust or sexual desires, and it is accordingly considered that the charge of indecent assault is not included as a lesser offense to the charge of assault with intent to commit rape, and, therefore, the court may not by exceptions and substitutions find the accused guilty of indecent assault under the Specification of Charge II."

It is relevant to observe that there was considerable evidence adduced at the trial showing that the accused, at the time of the alleged offense, had been drinking heavily, and that he may have been intoxicated. The law officer, therefore, with respect to the charge of assault with intent to commit rape, enumerated and instructed on only those lesser crimes which do not require the establishment of a specific intent, to wit: assault and battery, and assault, both denounced in Article 128 of the Code, 50 USC § 722. The question then becomes one of whether he should, in addition, have instructed as to the lesser offense of indecent assault. If there was no obligation on his part to furnish such an instruction, there can have been no error in his direction that this lesser crime could not be found lawfully in this case by way of exceptions and substitutions. United States v. Clark (No 190), 1 USCMA 201, 2 CMR 107, decided May 1, 1953. And this is true even though he may have assigned an unsound reason for his action. United States v. Howard (No. 1096), 2 USCMA 519, 10 CMR 17, decided May 15, 1953.

As we have had occasion to observe frequently, instructions as to the elements of a lesser offense ▮▮▮▮▮▮ are required where, and only where, that lesser offense is fairly raised by the evidence adduced at the trial as a reasonable alternative to that charged. United

States v. Clark, supra. Accordingly, our problem here is to determine whether the evidence fairly raised the offense of indecent assault as a reasonable alternative to the assault with intent to commit rape alleged.

III

Paragraph 213d (2) of the Manual for Courts-Martial, United States, 1951, provides that:

"An indecent assault is the taking by a man of indecent, lewd, or lascivious liberties with the person of a female, without her consent and against her will, *with intent to gratify his lust or sexual desires*. In a proper case indecent assault may be a lesser included offense of assault with intent to commit rape." [Emphasis supplied].

The italicized portion of this quotation makes it plain beyond cavil that, by definition, the offense of ▮▮▮▮▮▮ indecent assault requires a specific intent, a purpose to gratify lust or sexual desire. From this it must be clear that the evidence of accused's intoxication can have no reasonable and direct bearing on whether the offense of indecent assault was fairly raised. Intoxication, of course, may preclude the formation of a specific intent, which may be an element of a particular offense. However, if the accused here were found to have been so grossly intoxicated as to have been incapable of entertaining a specific intention to commit rape, it would scarcely have been possible for him to form any sort of specific intent—including one "to gratify his lust or sexual desires". While it is conceivable that this statement might be open to a charge of undue breadth in some situations, we regard it as entirely defensible in the present one. We must, therefore, look to the record, apart from those parts indicating intoxication, to ascertain whether there may not exist some evidentiary pointer indicating that accused had not actually intended to commit rape, but had intended, through some means other than forcible intercourse, to gratify his lust or sexual desires.

It is a distasteful task to recount even the brief portion of the evidence required for this purpose. The record reflects that the accused accosted his victim on a highway, gagged her with his cap, and forcibly carried her from the road and to the crest of a hill. He forced her to the ground, and, against her violent opposition, engaged in an act of sodomy with her. She managed to terminate this repulsive activity and arose to her feet. However, the accused again forced her to the ground and—pinioning her with a knee on her chest—removed the lower part of her underwear. Then, while he was attempting to remove his trousers, she struggled free once more, and this time made good her escape. This conduct on the part of the accused points solely, directly, and unerringly to an intent to commit rape. There was, therefore, no evidence whatever indicating any possibility of the lesser offense of indecent assault, and no call of any nature for instructions as to the elements of that lesser crime.

Accordingly, the decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.