**UNITED STATES**

v.

**Major Lawrence F. WILSON, 257–66–8537 FR, United States Air Force.**

**ACM 23475.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 24 Feb. 1982.

Decided 16 Sept. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel James P. Porter, Lieutenant Colonel Bruce R. Houston, and Captain Harvey A. Kornstein, USAFR.

Before POWELL, KASTL and RAICHLE, Appellate Military Judges.

DECISION

RAICHLE, Judge:

The accused, a clinical psychologist, was charged with one specification of forcible

sodomy and three specifications of conduct unbecoming an officer and gentleman by committing forcible sodomy twice and indecent assault once, violations of Articles 125 and 133, 10 U.S.C. §§ 925, 933, Uniform Code of Military Justice (U.C.M.J.). In accordance with his pleas, he was convicted of all specifications, excepting the words "by force and without the consent of the said [X]" in the sodomy specifications. Both victims of these offenses were patients of the accused and the wives of active duty officers. The offenses occurred at the mental health clinic on base. The accused now asserts that: (1) the specifications alleging conduct unbecoming an officer and gentleman should be dismissed because they fail to state an offense; and (2) the military judge erred by admitting evidence as to the present mental condition of one of the sodomy victims as a matter in aggravation. We disagree and affirm.

■ The accused first urges that the specifications of the Article 133 charge are deficient because they fail to include the additional language that the acts constituted conduct unbecoming an officer and gentleman, the essence of an Article 133 offense. This contention is without merit. This court has previously adopted the view taken by an Army Board of Review in *United States v. Wolfson*, 36 C.M.R. 722 (A.B.R.1966), that such an allegation is similar to the phrase "conduct of a nature to bring discredit upon the military service." *United States v. Lockstrom*, 48 C.M.R. 202 (A.F.C.M.R.1974). As such, it is

> nothing more than traditionally permissible surplusage in specifications. . . . Its use . . . can add nothing of legal effect to an allegation of conduct not of such a discrediting nature—and its omission detracts not at all from conduct which clearly is. *United States v. Marker*, 1 U.S.C.M.A. 393, 3 C.M.R. 127 (1952).

Accordingly, the absence of this verbiage is not fatal to these specifications.

The accused next contends that the specification alleging indecent assault as conduct unbecoming an officer and gentleman is deficient because it fails to allege that: (1)

the victim was not the accused's wife; (2) the acts were done with the intent to gratify the lust or sexual desires of the accused; and (3) the acts were to the prejudice of good order and discipline in the service. The specification reads as follows:

> In that Major Lawrence F. Wilson * * * did, at Wright-Patterson Air Force Base, Ohio, on or about 22 July 1981, wrongfully commit an indecent assault upon [X] by kissing her on the breasts and stomach and fondling her body with his hands.

■ At the outset we note that even had this specification been couched as an indecent assault in violation of Article 134, 10 U.S.C. § 934, U.C.M.J., rather than as conduct unbecoming an officer and gentleman, the omission of language alleging that the victim was not the accused's wife would not render the specification fatally defective. *United States v. Greene*, 12 M.J. 862 (A.F.C. M.R.1982). Moreover, a specification alleging a violation of Article 134 need not expressly allege that the conduct was a disorder or neglect, that it was of a nature to bring discredit upon the armed forces, or that it constituted a crime or offense not capital. Manual for Courts-Martial, United States, 1969 (Rev.), para 213a.

■ However, failure to allege that the acts were done with the intent to gratify the lust or sexual desires of the accused is fatal to a specification alleging indecent assault since specific intent is an essential element of the offense. *United States v. Burden*, 2 U.S.C.M.A. 547, 10 C.M.R. 45 (1953); *United States v. Wycliff*, 3 U.S.C. M.A. 38, 11 C.M.R. 38 (1953). While that circumstance would not necessarily be fatal to a specification couched under Article 133, since the unbecoming conduct need not amount to an offense under another article of the U.C.M.J., *United States v. Giordano*, 15 U.S.C.M.A. 163, 35 C.M.R. 135 (1964), we note that the specification includes all of the elements of the lesser included offense of indecent, lewd, and lascivious acts with another. *United States v. Jackson*, 31 C.M.R. 738 (A.F.B.R.1961). We are thus satisfied that the specification does state an offense under Article 134, U.C.M.J. We are

equally satisfied that the specification does not fail as a violation of Article 133, U.C. M.J.

We have considered the remaining assignment of error and resolved it adversely to the accused. *United States v. Schreck,* 10 M.J. 563 (A.F.C.M.R.1980), pet. denied 10 M.J. 327 (1982).

Accordingly, the findings of guilty and sentence are

AFFIRMED.

POWELL and KASTL, Senior Judges, concur.