# UNITED STATES

v.

**Master Sergeant Robert J. DALE, FR 472–48–9793, United States Air Force.**

**ACM 25321.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 22 Jan. 1986.

Decided 10 Oct. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Deborah A. Baker.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Robert E. Giovagnoni.

Before HODGSON, STEWART, FORAY, MICHALSKI, LEWIS, SESSOMS and MURDOCK, Appellate Military Judges, En Banc.

## DECISION

SESSOMS, Senior Judge:

Pursuant to his pleas, the accused was convicted, by a general court-martial composed of members, of sodomy and taking indecent liberties with his daughter who was under the age of 16 years. The offenses for which he was convicted occurred between 1 September 1983 and 31 October 1984 in their off-base residence in Rialto, California. The sentence adjudged included a bad conduct discharge, confinement for five years, and reduction to pay grade E–3. The single issue raised on appeal is that of subject matter jurisdiction.

During the month of May 1985 the appellant reported for duty on an accompanied tour at RAF Fairford, Gloucestershire, England. Within weeks of his arrival at the new station, he and his wife, whom he had remarried only a few months before, again found themselves to be having marital problems. This resulted in her decision to return to the United States with their son, and to leave their 14 year old daughter with the appellant. Upon learning of her mother's plans the daughter revealed that she was afraid to stay behind with her father because she feared that he might resume his practice of sexually abusing her. With her mother's encouragement, the daughter gave a statement to agents of the Office of Special Investigations (OSI) which disclosed a history of sexual abuse by her father that had occurred during two previous assignments, and which covered a span of at least five years.

The daughter's statement described a pattern of sexual abuse which first began when she was nine years old. The family was then living at Spangdahlem Air Base, Germany. The offenses which occurred there took place both in their on-base quarters and in their home after they moved off base. This pattern of abuse continued after appellant was reassigned to Norton Air Force Base. There the offenses occurred in their home in the city of Rialto, which was situated approximately six miles from the nearest gate to the base. However, there was no indication that the molestation had continued after their move to RAF Fairford.

At the conclusion of the Article 32 investigation, it was determined that the prosecution of the offenses which occurred in Germany was barred by the statute of limitations. It was then decided to return the appellant to Norton to stand trial for those offenses which took place in California. He was charged with two specifications of rape, one specification of sodomy with a child under the age of 16 years, and one specification of taking indecent liberties with a child under the age of 16 years. After failing in his motion at trial to have all the pending charges dismissed for lack of subject matter jurisdiction, appellant entered pleas of guilty to sodomy and taking indecent liberties. The rape charges were dismissed after arraignment and acceptance of the guilty pleas to the remaining charges. This was done in compliance with a pretrial agreement.

The issue of subject matter jurisdiction was exhaustively litigated at trial. Defense counsel filed a Motion to Dismiss, citing *O'Callahan v. Parker*, 395 U.S. 258,

89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), *Schlesinger v. Councilman*, 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975), as well as, the leading military cases which address subject matter jurisdiction of offenses occurring off the installation. He argued that the court-martial was without jurisdiction because of the absence of "service-connection." Government counsel presented several witnesses in an effort to show the impact that offenses of this nature have on the unit mission and on the reputation of the military in the community. In addition to a number of documents and stipulations containing certain factual information about Norton Air Force Base and the surrounding community, the government introduced a letter from a local civilian Deputy District Attorney which, in essence, suggested that it would be better if the Air Force exercised jurisdiction in this case. However, two days later, the court accepted a Stipulation of Expected Testimony of the same Deputy District Attorney in which he would have said, had he been present in court, that the local civilian authorities would not only be willing and able to prosecute this particular case, but that such cases "are prosecuted vigorously with the intention of deterring them to the maximum extent possible, protecting and aiding the victims." The trial judge, after making extensive findings of fact and minutely detailing the reasons for his decision, denied the motion to dismiss.

We have examined the record of trial, the assignment of error, the government's reply thereto, and we have concluded that the Air Force was without jurisdiction to try the appellant in this case for the same reasons that we dismissed the indecent liberties offenses in *United States v. Bolser*, 22 M.J. 564 (1986). The findings and sentence are hereby set aside and the charges are

### DISMISSED.

Senior Judge FORAY and Judges STEWART, MICHALSKI, LEWIS and MURDOCK, concur.

HODGSON, Chief Judge (dissenting):

I respectfully dissent from the judgement of my brethren for, in my opinion, our decision in *United States v. Bolser*, 22 M.J. 564 (A.F.C.M.R.1986), was wrongly decided. Both this court and the Court of Military Appeals have upheld the exercise of subject matter jurisdiction over sexual assaults on children occurring off-base. *United States v. Benedict*, 20 M.J. 939 (A.F.C.M.R.1985); *pet. denied on other grnds*, 22 M.J. 367 (C.M.A.1986): *United States v. Solorio*, 21 M.J. 251 (C.M.A.1986).

The crucial jurisdictional factor in this appeal, as in *Bolser, supra*, seems to be the relationship of the child-victim to the assailant. The majority, relying on *Bolser, supra*, concludes that a sexual assault on the child of a fellow servicemember is more egregious than the sexual abuse of his own off-spring. This conclusion is bottomed on the belief that the Air Force's military mission in the latter situation is not impaired by the accused's misconduct. *See Bolser, supra*, at 568. I disagree with this premise as a military miscreant's behavior need not be of a "catastrophic nature" before it affects "the *morale*, discipline, *reputation* or integrity" of the installation involved. *United States v. Lockwood*, 15 M.J. 1 (C.M.A.1983); *United States v. Clarke*, 23 M.J. 519 (A.F.C.M.R.1986). Few crimes reap the harvest of social scorn and public disgrace as does the sexual abuse of children. Sex offenses committed by a servicemember against children, either his own or someone else's, cannot help but have a demoralizing effect on the morale and reputation of the military unit involved. *See United States v. Solorio, supra*.

Our decision today creates a legal anomaly—the sexual abuse of a fellow servicemember's child effects the military mission and thus is "service-connected;" while sexually mistreating one's own children *has no* effect on "the morale, discipline, reputation or integrity" of the armed services and therefore is not "service-connected." The result is illogical and cannot be viewed

otherwise. For the reasons stated, I would affirm the conviction and the sentence.