# UNITED STATES

### v.

**Captain David M. WYNN, 527–96–9107 FR, United States Air Force.**

### ACM 25255 (f rev).

U.S. Air Force Court of Military Review.

Sentence Adjudged 7 Nov. 1985.

Decided 19 Dec. 1986.

Appellate Counsel for the Appellant: Mr. Lance F. Jacobs, Scottsdale, Arizona, Colonel Leo L. Sergi and Captain Deborah A. Baker.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Major David F. Barton and Major Thomas O. Maser, USAFR.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The appellant was convicted of stealing a bottle of cologne from the base exchange. He was sentenced to a dismissal.

There is no dispute as to the facts; only to the inference to be drawn from them. The base exchange store detective testified she saw the appellant at the cologne counter where he picked up a blue box containing cologne with his left hand and walked away. His actions made her suspicious and she continued to watch him. Later she saw he no longer had the cologne package in his hand, but she could see an outline in his flight suit pocket "which appeared ... about the same shape and size as the box that he picked up prior in the drug department and then carried into the men's department." The appellant then walked toward the front entrance, past the registers, past the ID check stand and into the shopping mall. At that point she detained him and asked to see his identification, and said, "I assume you and I know why I am stopping you?" The appellant did not reply to the question. Later, while the store detective was completing the incident report, the appellant reached into his left pants pocket and removed the cologne.

The appellant denied any intention of taking the cologne without paying for it and maintained he had inadvertently put the package in his pants pocket. He also presented evidence relating to his outstanding duty performance and his reputation for being truthful and honest.

Appellant defense counsel assert nine assignments of error. Those warranting discussion are below.

### I

■ Appellant defense counsel contend the trial judge erred when he allowed the store detective to testify that, in her opinion, the appellant was intentionally secreting merchandise with no thought of paying for it, thus allowing the detective to testify "as an expert on the appellant's intent." *See United States v. Cameron*, 21 M.J. 59 (C.M.A.1985) and *United States v. Wagner*, 20 M.J. 758 (A.F.C.M.R.1985). The challenged testimony states:

A. Well, at that point I was certain that after observing [the appellant] selecting the cologne, going straight into men's, stopping a minute, his hand comes up, no cologne, then

stopping again, glancing down at his pocket, then going to the end of the men's department, then heading straight out of the exchange down that central aisle, never looking at any other merchandise, never making an attempt to stop at any register whatsoever within the store or central check-out, I knew that [the appellant] was deliberately concealing AAFES merchandise with no intention to pay for it.

Laymen may testify to "those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the testimony of the witness of the determination of a fact in issue." Mil.R.Evid. 701. The detective did use the word "intention" in her testimony, but the tenor of that testimony was not the issue of intent dealing with the ultimate question of guilt or innocence. Instead, her statement appeared to be an explanation of the inferences she drew from the appellant's actions which formed the basis for her detaining him. *United States v. Bindley*, 23 M.J. 658 (A.F.C.M.R. 1986). Whether the appellant had the intent required for a conviction of larceny remained with the members under proper instructions. There is no indication in this record that the members abandoned their responsibility to decide this issue on the basis of the detective's testimony. The acceptance or rejection of lay testimony offered under Mil. R. Evid. 701 lies within the sound discretion of the trial judge, and his ruling in this area will be overturned only when there is a clear abuse of that discretion. *United States v. Skeet*, 665 F.2d 983 (9th Cir.1982). We find no abuse of discretion here.

## II

■ During the trial the store detective used a diagram of the base exchange floor plan to explain her testimony. After the trial and without any explanation of how it occurred, this prosecution exhibit was lost. Subsequently, a reconstructed copy along with a certificate of correction was attached to the record. *See generally*

*United States v. Thompson*, 19 U.S.C.M.A. 484, 42 C.M.R. 86 (1970). The appellant contends that the reconstruction of a lost exhibit two months after the conclusion of the trial makes the record incomplete and not verbatim. We do not agree. A missing exhibit may make the record materially incomplete, but that circumstance does not detract from its verbatim status. *United States v. Eubank*, 12 M.J. 752 (A.F.C.M.R. 1981). However, the question remains, has the appellant been harmed by the reconstructed copy? Under the facts of this case we conclude he was not. As stated earlier, there is no dispute as to the facts. The appellant admitted at trial he left the base exchange without paying for cologne he had in his flight suit pocket. He vigorously denied any criminal intent and maintained his actions were the result of being absent-minded. The loss of the original floor plan diagram and the substitution of a reconstructed copy did not prejudice the appellant in his appeal.

## III

■ Appellate defense counsel next argue that it was "plain error" for the members to be informed that the appellant failed to deny for a "period of 15–20 minutes" any wrong doing in connection with the incident, after he had been apprehended outside the base exchange by the store detective. The claim of "plain error" denotes a lack of objection to the evidence by the trial defense counsel. Mil. R. Evid. 103(a)(1) and (d). The plain error rule is an exceptional remedial measure which should be used only in exceptional circumstances to prevent miscarriages of justice. *United States v. Fisher*, 21 M.J. 327 (C.M.A. 1986); *United States v. Lucas*, 19 M.J. 773 (A.F.C.M.R.1984).

In *United States v. Pansoy*, 11 M.J. 811 (A.F.C.M.R. 1981), *pet. denied*, 12 M.J. 194 (1981), a situation also involving a shoplifting allegation, we analyzed in depth the status of a base exchange store detective. We found that such an employee was not acting to benefit the Government by seizing the items in question. Her main pur-

pose was to protect the exchange system and safeguard its customers against pilferage, not ferret out crime for government prosecution. Her authority over an accused is limited to his voluntary cooperation. In sum, a store detective's duties are unrelated to direct law enforcement and the individual so employed does not represent the commander's punitive or disciplinary power. Accordingly, the individual is, for the purposes under discussion, a private party.

 The appellant's claim of error is based on Mil. R. Evid. 304(h)(3) which states that "A person's failure to deny an accusation of wrongdoing concerning an offense for which at the time of the alleged failure the person was under *official investigation,* or was in *confinement, arrest* or *custody* does not support an inference of an admission of the truth of the accusation." However, silence when confronted with accusations by a private party may constitute an admission by silence. *See United States v. Cain,* 5 M.J. 844 (A.C. M.R. 1978). We hold that the base exchange store detective was a private party, not an Air Force law enforcement agent, and, therefore, testimony that the appellant remained silent when confronted with the incident was admissible and any argument drawing on the inference raised by the silence was proper.

### IV

 The appellant also challenges the sufficiency of the evidence to prove beyond a reasonable doubt that he stole the package of cologne. He acknowledged at trial that he left the store without paying for the cologne, but contended his actions were the result of absent-mindedness and with no criminal intent. The outcome of the trial rested on the credibility and weight the court members chose to give his testimony and that of the other witnesses. *United States v. Lips,* 22 M.J. 679 (A.F.C. M.R. 1986). Their guilty finding is, of course, a rejection of his assertion that he lacked the requisite criminal intent. We have examined the record of trial and, like the trial court below, we are convinced beyond a reasonable doubt that the appellant is guilty of the offense alleged. Article 66(c), U.C.M.J., 10 U.S.C. § 866(c).

### V

 We have examined the remaining assigned errors and resolve them adversely to the appellant. R.C.M. 1106(b); *United States v. Wilson,* 14 M.J. 680 (A.F.C.M.R. 1982). Finally, appellate defense counsel suggest that the approved sentence to a dismissal is inappropriately severe given their client's past outstanding military record. It is, of course, true that an outstanding military record is a mitigating factor in reviewing the appropriateness of a sentence. *United States v. Benedict,* 20 M.J. 939 (A.F.C.M.R. 1985). The appellant held a position of trust which he denigrated by his actions. The approved sentence is entirely appropriate. *See United States v. Jones,* 11 M.J. 829 (A.F.C.M.R. 1981). The findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge HOLTE concur.