**UNITED STATES**

v.

**Technical Sergeant Tommy R. BARBER, FR 467–76–2887, United States Air Force.**

**ACM 25590.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 16 July 1986.

Decided 13 Jan. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Lieutenant Colonel Robert E. Giovagnoni.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

LEWIS, Judge:

In *United States v. Bolser*, 22 M.J. 564 (A.F.C.M.R.1986) and *United States v. Dale*, 23 M.J. 598 (A.F.C.M.R.1986), *issue certified*, 23 M.J. 243 (1986), we held that a court-martial lacks subject matter jurisdiction over sexual offenses committed off a military installation by a service member against one of his own dependents. In the case at hand we must determine the applicability of our prior decisions in a somewhat different factual context.

■ The appellant pleaded guilty and was convicted of four specifications of sodomy in violation of Article 125, U.C.M.J. 10 U.S.C. § 925. Two of the specifications involved divers acts of sodomy with each of two sons occurring during a time period from May 1983 to February 1984 in family quarters at Fairchild Air Force Base, Washington. The third specification concerned an act of sodomy with the younger son in September 1984 at Easley, South Carolina. At the time of this occurrence the appellant was visiting his family while on leave from an unaccompanied assignment overseas. The last specification concerned an act of sodomy with the older son 11 months later, in August 1985, in family quarters at Wright-Patterson Air Force Base, Ohio. At trial, the military judge found subject matter jurisdiction as to all specifications. The issue in dispute is whether subject matter jurisdiction existed as to the act of sodomy with the younger son is Easley, South Carolina. We hold that it did not.

In *Bolser* and *Dale*, we distinguished *United States v. Solorio*, 21 M.J. 251 (C.M. A.1986), *cert. granted*, —— U.S. ——, 106 S.Ct. 2914, 91 L.Ed.2d 543 (1986), wherein the Court of Military Appeals found subject matter jurisdiction as to sexual offenses committed away from a military installation by a service member against the dependent children of fellow members of his unit. *See also United States v. Clarke*, 23 M.J. 519 (A.F.C.M.R.1986) (court-martial has subject matter jurisdiction of off-base rape by a service member against another member's spouse). In *Solorio*, the Court recognized that "sex offenses against young children—offenses like those alleged in the charges against Solorio—have a continuing effect on the victims and their families and ultimately on the morale of any military unit or organization to which the family member is assigned. This continuing effect tends to establish service-connection." 21 M.J. at 256. As we subsequently observed in *Bolser*, the consequences are not identical when the offense occurs within a service member's own family:

> In the case now before us, however, the victim's parent was the offender. Although we can assume that discovery and prosecution of the crimes diminished the appellant's morale and duty performance, the appellant suffered these results, not as a victim of the crime, but as an accused who faced conviction and punishment. Although the offenses reflect upon the appellant's character and discipline, these are matters which have a greater tendency to justify *in personam* jurisdiction. The offenses, themselves, however, did not have an impact on or threaten discipline among the members of the military organization nor did the offenses threaten or impair the organization's effectiveness.

22 M.J. at 568.

Therefore, we have declined generally to find a *per se* service-connection with respect to sexual offenses involving children.

While we recognize that such offenses, when discovered, result in understandable reactions of concern and revulsion within the community, we have distinguished the differing impacts occurring based on the identity of the alleged victims. The threat to morale and discipline is clear when the victims are the dependents of innocent service members. When the victims are a suspect service member's own dependents, the revulsion is no less pronounced, but the perception of a direct threat to the military community at large is lacking. Of course, commanders would be loathe to allow a member who has sexually abused his dependents to remain a member of the organization, or of the military service involved for that matter. Those members who commit serious criminal activities of any type are generally not afforded a lengthy tenure once their derelictions come to light. However, the commission of criminal acts by military members, standing alone, is not sufficient to vest criminal jurisdiction. Certain demarcation lines have been drawn and continue to be refined at this stage in our military judicial history.

There are, admittedly, some persuasive reasons apparent from the record for our extending subject matter jurisdiction to the appellant's act of sodomy at Easley, South Carolina. As a practical matter, we must assume that, if the military cannot assume jurisdiction over this offense, the appellant will not be tried for it in any forum. In this regard we note that a representative of the appropriate state prosecutor's office in South Carolina submitted a letter to Air Force legal authorities in which she stated that her office was not inclined to pursue a prosecution. Prosecution was deferred to the Air Force. This letter was dispatched some 22 months following the commission of the South Carolina offense and cited the problems which would be encountered because of the victim's absence from the state's jurisdiction. Chief Judge Everett's opinion in *Solorio*, 21 M.J. at 256–257, indicates that the probable lack of prosecution by another authority may legitimately be considered as a factor favoring the exercise of court-martial jurisdiction.

A closely related factor is the interest to be served in trying all pending and similar charges against an accused at one time and in one forum. *United States v. Scott*, 21 M.J. 345 (C.M.A.1986); *United States v. Lockwood*, 15 M.J. 1 (C.M.A.1983). Both the appellant and the Government were vitally interested in handling all charges at one time in this case. This interest was manifest from the terms of a pretrial agreement entered into by the parties. It was specifically agreed that no further charges respecting sexual acts by the appellant with his two sons during the period within the statute of limitations would be referred to any subsequent court-martial. In furtherance of this agreement, appellant made no jurisdictional attack against the Easley, South Carolina, offense at the time of trial. However, all the mutually held wishes of both parties, regardless of how strongly expressed, will not vest subject matter jurisdiction where it does not otherwise exist. The act of sodomy at Easley, South Carolina, occurred when the appellant was on leave in a civilian environment far removed from his military unit. This offense occurred seven months following the end of the period of earlier offenses at Fairchild Air Force Base and 11 months prior to the last offense of sodomy charged at Wright-Patterson Air Force Base. The close relationship in time and place to offenses committed on an installation, which was critical to the Court of Military Appeals' resolutions in *Scott* and *Lockwood*, is lacking. Given these circumstances, the Air Force cannot point to a sufficient impact on military discipline and effectiveness to justify the exercise of jurisdiction over the offense. *Schlesinger v. Councilman*, 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975). The offense is simply too far removed from a military-related environment to provide the requisite service-connection.

One factual matter raised at trial might have provided a basis for our further consideration of the jurisdictional question if it had been developed in conjunction with the service-connection issue. The appellant's deputy commander testified during the pre-

sentencing phase of the trial that the appellant's position required a special security clearance which was removed when his offenses came to light. The Air Force's interest in trying a member with such a clearance, rather than acceding to his trial by civilian authorities, is a matter which might well merit consideration in light of the jurisdictional criteria enunciated in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971) and *Schlesinger v. Councilman, supra*. We are not prepared to develop a rule in this regard on the record before us. There is no indication from the record that the Government relied to any extent on the appellant's clearance in asserting jurisdiction. Furthermore, it is apparent from the record that the appellant's clearance was not a factor considered by the military judge in making jurisdictional findings. Examination of the significance of such a factor will have to wait for an appropriate case in which an issue has been clearly defined.

We note that an error was made in the preparation of the specification under consideration for submission to the members. The appellant's younger son was described in the copy of the specification provided to the members as, "a child under the age of sixteen years, a child of sixteen years." It appears from the evidence presented that the members should have understood that the victim was, in fact, under the age of 16 at the time of the Easley, South Carolina, offense. However, in view of our conclusion that the court-martial lacked subject matter jurisdiction over this offense, we need not consider the effect of the error noted. The finding of guilty as to Specification 3 of the Charge is set aside, and that Specification is dismissed.

In reassessing the sentence in light of our action we note that the appellant was sentenced at trial to a dishonorable discharge, confinement for 15 years and reduction to airman basic. By virtue of a pretrial agreement, the convening authority approved the dishonorable discharge and reduction as adjudged, reduced the confinement to two years, and further suspended all confinement in excess of 60 days for a period of 15 months. In consideration of this substantial reduction and the fact that the Easley, South Carolina, act of sodomy was one one of numerous such acts committed by the appellant with his two sons, we consider the sentence appropriate. We are convinced that the sentence received by the appellant is no greater than he would have received if the dismissed specification had not been placed before the members.

We have examined the record of trial, the assignment of errors and the Government's reply thereto and have concluded that the findings, as modified, and the sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused, except as heretofore noted, was committed. Accordingly, the findings of guilty, as modified, and the sentence are

AFFIRMED.

Senior Judge SESSOMS and Judge STEWART concur.