UNITED STATES
v.
Captain Gerald E. BRENTON,
524–56–9328 FV, United
States Air Force.

ACM 25507.

U.S. Air Force Court of Military Review.

Sentence Adjudged 16 June 1986.

Decided 3 March 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Major Charles E. Ambrose, Jr. and Major G. Michael Lennon, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Lieutenant Colonel Morris A. Tanner, Jr.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

HOLTE, Judge:

The appellant was tried and convicted by general court-martial consisting of members. Contrary to his pleas he was found guilty of three specifications of committing indecent acts with a female under the age of 16 years of age, not his wife. He was sentenced to a dismissal and a forfeiture of $1000.00 per month for three months. The convening authority approved the dismissal and a forfeiture of $1750.00 for one month. The several alleged errors are discussed separately.

The appellant argues that the required service-connection had not been established, thus the military was without jurisdiction to try him by court-martial.

█ In deciding whether there is subject matter jurisdiction, a balancing test of what has become known as the *Relford* factors is required. *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971). In addition, it must be established that, (1) the military interest in deterring the offenses is distinct from and greater than that of civilian society, and (2) that the distinct military interest cannot be vindicated adequately in civilian courts. *Schlesinger v. Councilman*, 420 U.S. 738, 760, 95 S.Ct. 1300, 1314, 43 L.Ed.2d 591 (1975). It is only through the application of the above tests that the necessary service-connection may be found to exist, thus rendering the offenses triable by courts-martial. *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969).

Here the appellant is a medical officer. The victim is his step-daughter, and at the time of the commission of the charged offenses, his military dependent. Her biological father is also a commissioned officer in the Air Force serving as a Physician's Assistant. The alleged offenses were committed in the appellant's off-base quarters in San Antonio, Texas. At the time the appellant was performing medical duties at Wilford Hall Medical Center, Lackland Air Force Base. One of the offenses occurred when the appellant was in military uniform in the early morning prior to departing for Wilford Hall. All offenses occurred between 1 September 1984 and 31 May 1985. They were discovered in June of 1985 when the victim and her older sister were visiting their biological father who was stationed in Hawaii. After the discovery of the offenses the biological father was given legal custody of the girls. The appellant, prior to the discovery of the offenses, was transferred by routine assignment to Ellsworth Air Force Base, South Dakota. Charges were preferred on 30 January 1986. The investigating officer's report was completed on 28 March 1986. The pretrial investigation was conducted at Ellsworth Air Force Base, South Dakota. The girls and their biological father were brought from Hawaii as witnesses for both the investigation and the court-martial.

On 25 March 1986 the District Attorney's office at San Antonio, Texas notified the Staff Judge Advocate at Ellsworth Air Force Base, South Dakota, in writing, that the state of Texas declined to file formal charges against the appellant. The stated reasons for such declination were (1) the 1½ year time span; (2) the appellant was now living in South Dakota; and (3) the complainant and other witnesses were either military or military dependents and stationed or living outside of the state of Texas.

█ In *United States v. Solorio*, 21 M.J. 251 (C.M.A.1986), a case involving similar off-base offenses and where the assailant had prior to the discovery of the offenses been routinely transferred to another state and where the Alaskan civilian courts had indicated that the state of Alaska would defer prosecution in favor of a military trial the trial judge and the Court of Military Appeals did not attach much significance to such deferment of prosecution in deciding the issue of service-connection in determining jurisdiction. Chief Judge Everett stated that to hold otherwise could result in military authorities endeavoring

to persuade civilian prosecutors to drop cases they would normally prosecute just to create court-martial jurisdiction. The court did acknowledge that when victims and persons suspected of committing criminal offenses are transferred from the jurisdiction of the situs of such offenses state officials are less likely to be interested in prosecuting. In further discussing whether civilian courts are available to prosecute off-base offenses Chief Judge Everett said, "Therefore, because Solorio's transfer to Governor's Island was a routine matter and in no way was undertaken with a view to creating court-martial jurisdiction, we conclude that it is appropriate to consider the situation as it now exists and not merely as it existed in Juneau when the crimes were committed but before they were discovered". *Solorio* at 257. In the case before us the evidence clearly established that the declination of the state of Texas to file charges was a good faith declination based on the logistical aspects of prosecuting the case in the event that they were to file charges. Clearly the transfer of the appellant out of the state of Texas was not done for the purpose of creating court-martial jurisdiction. We therefore conclude that civilian courts were not ready and available to prosecute the appellant. Previous cases, in resolving service-connection and jurisdiction over military members for off-base sexual offenses against children, have distinguished between those cases where the perpetrator was the father of the victim and those cases where there is no *loco parentis* tie. In the former cases we have held that there was no service-connection, hence a military court was without jurisdiction to try the offender. *United States v. Dale*, 23 M.J. 598 (A.F.C.M.R. 1986); *United States v. Bolser*, 22 M.J. 564 (A.F.C.M.R. 1986). In the case before us because the victim's biological father is a military member we find a service-connection. Additionally, we find support in *United States v. Scott*, 21 M.J. 345 (C.M.A. 1986). There a Marine officer was charged with committing off-base sexual offenses on young girls. In his opinion Chief Judge Everett, at page 347, set forth the factors used by the military judge in finding service-connection and jurisdiction by the military. Chief Judge Everett concluded that the commissioned status of the offender was a significant factor in establishing jurisdiction. Judge Cox stated that he would uphold jurisdiction on the commissioned status of the offender alone.

In *United States v. Lockwood*, 15 M.J. 1 (C.M.A. 1983), it was held that maintaining the reputation and morale of the armed services is essential and cannot be ignored in determining the service-connection of off-post offenses. *In United States v. Benedict*, 20 M.J. 939 (A.F.C.M.R. 1985), we stated that the commission of a series of indecent acts by a servicemember on the child of another servicemember, regardless of where it takes place, has a direct, clear and measurable impact on the morale, reputation and integrity of the installation. We see no reason to retreat from that position. For the reasons stated herein and by incorporating the decisions of the cited cases which found jurisdiction, we conclude that the necessary service-connection was established in this case and that the Air Force had jurisdiction to try the appellant.

█ The appellant also argues that the evidence is insufficient to establish his guilt beyond a reasonable doubt. Implicit with the findings of guilty is the conclusion that the court members believed the prosecution testimony and disbelieved the denial of the appellant. Pursuant to Article 66(c) of the Code, 10 U.S.C. § 866(c), we have independently evaluated the evidence and reach the same conclusion as did the court.

█ At trial the defense attacked the victim's credibility by introducing evidence of the appellant's good character and the untruthfulness of the victim. Through expert witness the defense introduced evidence to establish that appellant's character was inconsistent with the profile of a child sex offender; that the victim did not show the normal characteristics of a sexually abused child; and that in situations involving child custody disputes false accu-

sations of sexual molestation are frequent. In rebuttal the government called expert witnesses to help rehabilitate the credibility of the victim. These witnesses testified (1) the victim did not appear to have rehearsed her story; (2) that it is rare for a child to make up a false story of incest and carry it through to the point of lying on the witness stand; and (3) if a story is initially told spontaneously it is almost always true. Appellant alleges that admission of these opinions constituted error and improperly invaded the province of the court as they expressed opinions that the victim was telling the truth. We do not agree. Mil.R. Evid. 608(a); *United States v. Snipes*, 18 M.J. 172 (C.M.A. 1984); *United States v. Allard*, 19 M.J. 346 (C.M.A. 1985). Further, the defense did not object to this testimony at trial. Appellant cannot now, on appeal complain, unless such failure requires that the plain error doctrine be invoked. R.C.M. 801(g); *United States v. Fisher*, 21 M.J. 327 (C.M.A. 1986); *United States v. Keith*, 17 M.J. 1078 (A.F.C.M.R. 1984); *United States v. Bolden*, 16 M.J. 722 (A.F.C.M.R. 1983). We conclude that situation does not exist in this case.

■ Appellant urges error in that the military judge did not, *sua sponte*, provide the court with limiting instructions on the government rebuttal evidence. It is our opinion that the military judge properly instructed the court on expert witness testimony. The appellant did not object to the given instructions or request any additional instructions. Again we conclude that plain error is not present. R.C.M. 801(g); *Fisher; Keith; Bolden, supra.*

■ During findings argument trial counsel referred to the case of Dr. McDonald, the army Green Beret captain convicted of killing his family. This reference was in rebuttal to the defense argument that appellant's good military character and record demonstrated that he did not commit the charged offenses. Subsequent to making this statement trial counsel stated, "The point of the analogy, gentlemen,

is that you can't look at a person and tell whether they're a child molester." Appellant argues that such comment was so blatantly improper as to deny him his right to a fair consideration of the evidence by the court members. There was no objection to this statement at trial nor was there a request for a curative instruction. We therefor consider this issue waived on appeal in the absence of plain error which we do not find. *United States v. Lipps; United States v. Fisher, supra.*

■ Missing from the record of trial is an orange rectangle used by the defense to depict the position of furniture in the appellants' home. Appellant argues that because of this the record of trial is not substantially verbatim. We disagree. *United States v. Wynn*, 23 M.J. 726 (A.F.C. M.R. 1986); *United States v. Eubank*, 12 M.J. 752 (A.F.C.M.R.1981).

Lastly, on 15 January 1987 the appellant filed a motion with this court to submit a letter pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We grant the motion. Having examined the letter and the government reply thereto, and adopting the conclusions and cited authority in the government reply, we decide this issue against the appellant.

We have examined the record of trial and have concluded that the findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the approved findings and sentence are

AFFIRMED.

Chief Judge HODGSON and Senior Judge FORAY concur.