**UNITED STATES**

v.

**Technical Sergeant Richard A. BLACK, FR 239–84–8924 United States Air Force.**

**ACM 25533.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 23 May 1986.

Decided 10 April 1987.

Approved sentence: Dishonorable discharge and confinement for ten (10) years.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Deborah A. Baker.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major David F. Barton.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

The appellant was arraigned on two specifications of sodomy, three specifications of committing indecent acts, and one specification of rape. All the charges related to acts with the appellant's daughter. The members found him guilty of the acts of sodomy and the indecent acts, and found him guilty of indecent acts rather than rape. Because of a failure of proof, the convening authority disapproved the findings of guilty of the acts of sodomy and one specification of indecent acts, and the allegation that one of the remaining indecent acts specifications had occurred at divers times. The appellant has asserted sev-

eral errors. We will discuss two of them; the others are without merit.

■ First, he asserts that there was no court-martial jurisdiction over Charge III. This charge concerns an indecent acts offense which was alleged to have happened in the appellant's off base private quarters in Alamogordo, New Mexico. Apparently the family had moved off Holloman Air Force Base sometime after the time alleged in the other charges and before the time alleged in Charge III. The military judge found court-martial jurisdiction existed over all the offenses, and found that jurisdiction over Charge III existed because, among other reasons, it occurred in a "civilian community that is adjacent to Holloman Air Force Base." When asked by the military judge, the circuit defense counsel representing the appellant at trial offered no objection to the judge's finding of jurisdiction over all the offenses. Mere presence near a military installation is not sufficient basis for court-martial jurisdiction over sex offenses committed by a military member against his own dependents. *United States v. Dale*, 23 M.J. 598 (A.F.C.M.R.1986); *United States v. Bolser*, 22 M.J. 564 (A.F.C.M.R. 1986). There was no jurisdiction to try Charge III by court-martial. The findings of guilty of this charge are set aside and Charge III is dismissed.

■ The appellant invites our attention to what he asserts was a misleading explanation by the military judge of the effect of a court-martial sentence on an accused's pay. There were several questions from the panel after the military judge concluded his sentencing instructions. One member asked "Where will the pay go to if it's not reduced to zero?" In response, the military judge instructed as follows:

> Pay is taken away only if forfeited. Is that responsive to the question? In other words, one is in pay status and receiving pay unless pay is forfeited.

We agree with the appellant that this instruction was very misleading. It is easy to imagine how a panel member could have felt that the appellant's pay would continue until he was out of confinement unless they ordered it forfeited. Of course, this is seldom true in cases involving lengthy confinement. Pay continues only until the end of the current enlistment or until the discharge is ordered executed. *Department of Defense Military Pay and Allowances Entitlements Manual*, paras 70508a(2) (unsuspended discharge cancels any uncollected portions of the forfeiture which would extend beyond the date of discharge) and 70508b (end of term of service of a member in military confinement stops collections of uncollected forfeitures since no pay accrues against which forfeitures can operate).

The Staff Judge Advocate's Recommendation states that the appellant enlisted for five years on 30 November 1981. Assuming that is true, his pay status ordinarily would end on 30 November 1986. This is a far different situation from the one explained in the instruction—that one remains in a pay status unless forfeitures are adjudged.

Several of the member's questions revealed an interest in the integrity of the family unit and where the victim was currently residing. It is possible the panel felt less constrained when they were deciding on the length of confinement because they thought the appellant's pay would continue while he was in jail. Despite the fact that the adjudged sentence did not include any forfeitures, we hold that the instruction was prejudicial to the accused because of its tendency to indicate that an accused's pay will continue while he is confined unless forfeitures are adjudged.

■ The convening authority made extensive modifications to the findings of guilty in his action. His action, combined with our dismissal of Charge III, has resulted in a set of charges far different from those the panel considered when they deliberated on a sentence. Additionally, we have held that the sentencing instructions pertaining to forfeitures were misleading and prejudicial. The interests of justice would be best served in this case by

having a new sentencing hearing concerning only the surviving charges. Accordingly, the sentence is set aside and the case is returned to the Judge Advocate General for a rehearing on sentence.

Senior Judge FORAY and Judge MICHALSKI concur.