**UNITED STATES**

v.

**Staff Sergeant William D. CARTER, FR 412–94–1872, United States Air Force.**

**ACM S27706.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 10 Nov. 1987.

Decided 17 Aug. 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Lieutenant Colonel Patrick C. Sweeney.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Kathryn I. Taylor.

Before LEWIS, MICHALSKI and BLOMMERS, Appellate Military Judges.

## DECISION

LEWIS, Senior Judge:

Despite his plea of not guilty the appellant was found guilty by a military judge sitting alone of wrongful use of cocaine. His sentence consisted of a bad conduct discharge and reduction to airman basic. Appellate defense counsel have assigned four errors for our consideration. One of these errors, relating to prosecution rebuttal testimony, is meritorious and requires extended discussion.

A brief overview of the essential facts of the case will set the stage for our analysis of this assigned error. The government case was based on a unit inspection whereby the appellant was required to provide a urine sample for drug testing. Mil.R.Evid. 313. The urine tested positive for the unique metabolite of cocaine. This matter was not contested at trial. What was fully contested was the question of why the positive result was obtained. The defense theory, which was developed through the testimony of the appellant and other defense witnesses, was that the appellant ingested Health Inca Tea which was mailed to him by a Navy friend from Hawaii. It was undisputed that this particular substance can produce the cocaine metabolite in one's urine. The defense evidence was that the tea was ingested prior to an Air Force effort to warn personnel of the effects of this particular tea. Therefore, the appellant was portrayed as an unwary victim of a substance he had no reason to suspect contained a prohibited controlled substance.

A number of prosecution rebuttal witnesses were called. Two were noncommissioned officers assigned to Social Actions. Each had interviewed the appellant at two separate junctures following his entry into drug rehabilitation after the base was notified of the positive urinalysis. The appellant was pending charges at the time of the interviews. The appellant's responses during these interviews were consistent in some respects with his testimony at trial, but inconsistent in others. While the appellant purportedly speculated that the tea was the source of his positive test result, he provided an inconsistent account of where he had obtained the suspect tea. The trial defense counsel objected to the testimony of the two witnesses because they had not provided the appellant with the requisite rights advisement prior to the interviews. Article 31, UCMJ, 10 U.S.C. § 831; Mil.R.Evid. 305(c); *United States v. Tempia*, 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967). Therefore, it was argued, the appellant's statements could not be used as evidence in the court-martial. Mil.R.Evid. 304(a). We agree. The military judge erred in overruling the defense objections.

At first glance basic Air Force guidance would appear to allow for the introduction of the appellant's statements while in drug rehabilitation for impeachment or rebuttal purposes in a trial by court-martial. Air Force Regulation 30-2, *Social Actions Program*, para. 4-3 (Apr 1986), is the directive provision most closely on point. In apparent recognition that drug abuse personnel cannot perform their counselling functions properly if they are encumbered with rights advisement concerns, the provision states, in pertinent part: "Information concerning personal alcohol and drug abuse provided by members in response to screening questions may not be used against the member in a court-martial...." However, this provision states further: "Nothing in this provision prevents introduction of such evidence ... for impeachment or rebuttal purposes in any proceeding in which evidence of alcohol or drug abuse (or lack thereof) first has been introduced by the member...." While the provision itself does not prevent the intro-

duction of such evidence, neither does it authorize it in the absence of a rights advisement when appropriate. The provision does not create an exception to Mil.R.Evid. 304(a).

Both interviewers were persons subject to the Code within the meaning of Mil.R.Evid. 305(b)(1) and (c). There can be no question that the two noncommissioned officers were conducting official interviews rather than casual conversations with the appellant concerning his alleged drug abuse. *United States v. Duga*, 10 M.J. 206, 211 (C.M.A.1981). He was under charges and facing court-martial at the time of the interviews, a state of facts readily acknowledged by the first interviewer and presumably known or suspected by the second. While the appellant was provided a standard advisement by the first interviewer concerning the limited use that could be made of his statements, the record does not reflect that either interviewer advised the appellant that he need not make any statement, that any statement he made might be used against him in a court-martial, or of his right to have counsel present. The record does not reflect that the appellant voluntarily initiated either conversation. Indeed, the testimony adduced suggests that the interviews are a routine aspect of the rehabilitation procedure. The substance of such interviews without rights advisements in circumstances where advisements are appropriate cannot be utilized against interviewees in subsequent courts-martial on the authority of the directive under consideration or any others which might appear to indicate the contrary.

We recognize that a statement obtained without benefit of a counsel rights advisement but otherwise voluntary may in appropriate circumstances be used against the maker as rebuttal evidence. Mil.R. Evid. 304(b); *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). In the case before us the prosecution failed to make a showing (not being required to do so by the military judge) that an adequate rights advisement of any sort was provided

on either occasion. No valid theory of admissibility has been suggested to us by appellate government counsel. We have considered the medical treatment exception to the requirement for a rights advisement as enunciated in *United States v. Fisher*, 21 U.S.C.M.A. 223, 44 C.M.A. 277 (1972), and have concluded that it does not apply in this situation. Whatever viability *Fisher* retains appears to be limited to emergency medical situations. *United States v. Jones*, 19 M.J. 961 (A.C.M.R.1985), *pet. granted*, 20 M.J. 393 (C.M.A.1985). *But cf. United States v. Holley*, 17 M.J. 361 (C.M.A.1984) (rights advisements are not necessarily required for an accused who is interviewed pursuant to a sanity board). Two cases cited by appellate government counsel, *United States v. Moreno*, 25 M.J. 523 (A.C.M.R.1987), and *United States v. Wynn*, 23 M.J. 726 (A.F.C.M.R.1986), have no bearing whatsoever on the issue before us and require no discussion.

We do not hold that all statements made in the course of counselling and treatment to drug rehabilitation personnel without the benefit of rights advisements would necessarily suffer the same fate as those we have addressed today. Very few rules fashioned at the appellate level, even those with a Constitutional underpinning, are absolute. We should also emphasize that our decision today addresses the relatively narrow issue of the substance of statements made pursuant to rehabilitation, not the arguably broader issue of drug and alcohol abuse "records." Air Force Regulation 111–1, *Military Justice Guide*, para. 5–5 (Aug 1986).

■ Having reviewed the entire record, and disregarding the testimony of the drug rehabilitation personnel, we have concluded that the circumstantial evidence of the appellant's guilt is overwhelming. This was a rather lengthy trial, and we will not attempt to recite the evidence in detail. We have particularly reviewed the appellant's contention at trial that his positive urinalysis was in all likelihood caused by his prior consumption of Health Inca Tea and the circumstantial evidence submitted in support of this contention. We do not find this hypothesis of innocence persuasive in the light of a number of inconsistencies in the defense evidence and the probable biases of a key defense witness. Based on our review of the entire record we have concluded that the erroneous admission of the testimony of the two witnesses was not prejudicial. We are convinced beyond a reasonable doubt that the error was harmless.

We have examined the record of trial, the assignment of errors and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Mil.R.Evid. 801(c) and (d)(2). Accordingly, the findings of guilty and sentence are

AFFIRMED.

Judges MICHALSKI and BLOMMERS concur.