UNITED STATES, Appellee,

v.

Michael E. WILLIAMS, Technical
Sergeant U.S. Air Force,
Appellant.

No. 61,288.
ACM 26705.

U.S. Court of Military Appeals.

Sept. 8, 1989.

For Appellant: *Colonel Richard F. O'Hair, Major Mark R. Bell, Captain Darla G. Orndorff* (on brief).

For Appellee: *Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Major Carole W. Hanson* (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

Contrary to his pleas, Williams was convicted by general court-martial of one specification of wrongful use of cocaine, a violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The members sentenced appellant to a bad-conduct discharge, confinement for 9 months, "to forfeit $150.00 of your pay for nine months," and reduction to pay grade E–3. On the recommendation of his staff judge advocate, the convening authority approved the sentence, specifically approving "forfeiture of $150.00 per month for one month." The Court of Military Review affirmed the findings and sentence in an unpublished opinion.

We granted appellant's petition for review, specifying the following issue:

WHETHER THE MILITARY JUDGE'S INSTRUCTION THAT DR. JAIN WAS NOT A GOVERNMENT WITNESS PREJUDICED APPELLANT.

This prosecution was predicated on the results of the analysis of appellant's urine which disclosed the presence of metabolites of cocaine. To prove its case, the Government intended to call Dr. Naresh C. Jain, a forensic toxicologist. While not directly employed by the United States, Dr. Jain testifies frequently in courts-martial concerning the interpretation of scientific data derived from urinalysis.[1]

Appellant initially sought to have the Government provide him with an expert technical consultant to assist in his defense. Having lost that motion, defense counsel apparently believed that he needed to defuse the impact of Dr. Jain's testimony, particularly since he would not be offering an expert witness on behalf of appellant. During *voir dire* he undertook to "sell" the members on the proposition that appellant did not need to present such testimony:

Now, finally, the Government has hired an expert in this case by the name of Dr. Jain. Has anyone seen Dr. Jain testify before?

That's a negative response. And — but Sergeant Williams won't have an expert in his case. Is there anyone who feels that—who would hold that against Sergeant Williams?

That's a negative response.

MJ: In that regard, I will instruct the court members that though Doctor Jain is being called by the Government for certain purposes, *that is not to imply that Doctor Jain in any way represents the Government.* Doctor Jain will be a witness called to present information. . . .

(Emphasis added).

■ In the strictest sense, the comments of the military judge were correct. An expert witness called by the United States is not, as such, a government representative. *Cf.* Mil.R.Evid. 615, Manual for Courts–Martial, United States, 1984 (permitting trial counsel to "designate[ ]" a "representative of the United States" to sit with and assist the prosecution team in the courtroom). However, the military judge's comment also implies that Dr. Jain was at the trial to present information binding on both parties and that he was not amenable to attack by appellant. This is, of course, not true since an expert may be impeached or contradicted in the same manner as any witness, his credentials may be attacked, and his testimony need not be given any more weight than that of any other witness.

■ However, we need not reverse appellant's conviction because of this erroneous characterization of Dr. Jain. Counsel did not object to the interjection by the military judge; therefore, the error must be measured by the standard of plain error. *United States v. Fisher,* 21 MJ 327, 328 (CMA 1986), *citing United States v. Young,* 470 U.S. 1, 17 n. 14, 105 S.Ct. 1038, 1047 n. 14, 84 L.Ed.2d 1, 13 n. 14 (1985). *See* RCM 920(f), Manual, *supra.* It must be evaluated against the entire record and in the context of the particular case. *See United States v. Fisher, supra.*

■ Here, counsel vigorously attacked Dr. Jain in his cross-examination, attempting to show that he was a "hired gun" for the Government who had earned over $100,000 in 5 years testifying as an expert witness for the United States. He also established through Dr. Jain that there was a substance other than raw cocaine which could produce benzoylecgonine[2] in a person's urine and demonstrated that Dr. Jain did not personally conduct the analysis in appellant's case but, rather, was merely interpreting the results.

Finally, the military judge correctly charged the members on the nature of ex-

---

1. In fact Dr. Jain was the expert witness in this Court's seminal case on the subject of proof of drug use through urinalysis, *United States v. Harper,* 22 MJ 157, 160 (CMA 1986).

2. This is the cocaine metabolite for which urine is tested. It is also found in Health Inca tea.

*See United States v. Ray,* 26 MJ 468, 469 (CMA 1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 797, 102 L.Ed.2d 788 (1989); *United States v. Carter,* 26 MJ 1002, 1003 (AFCMR), *pet. denied,* 27 MJ 469 (1988).

pert testimony and the weight to be given to such testimony in his final instructions. Both this Court and the Supreme Court have held that the jury will be presumed to have followed the instructions in the absence of evidence to the contrary. *Lakeside v. Oregon,* 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978); *United States v. Ricketts,* 1 MJ 78, 82 (CMA 1975); *see also United States v. Morris,* 13 MJ 297, 302 (CMA 1982) (Cook, J., concurring in the result).

Accordingly, we are satisfied that the military judge's erroneous characterization of the status of Dr. Jain during *voir dire* did not have "an unfair prejudicial impact on the jury's deliberations." *United States v. Fisher, supra* at 328, quoting *United States v. Young, supra* 470 U.S. at 17 n. 14, 105 S.Ct. at 1047 n. 14.

The decision of the United States Air Force Court of Military Review is affirmed.

Judge SULLIVAN concurs.

COX, Judge (concurring):

Assuming that the military judge's comment concerning Dr. Jain, which occurred during *voir dire* of the court members, could be construed as error, I concur. However, neither appellant's trial nor appellate defense attorneys translated the comment into the descriptive language attached to it by the majority opinion. I would have preferred to dismiss this petition on the grounds that it was improvidently granted.