**UNITED STATES, Appellee,**

v.

**David M. WYNN, Captain, U.S. Air Force, Appellant.**

No. 57,559.

CM 25255.

U.S. Court of Military Appeals.

Sept. 27, 1989.

For Appellant: *Lance F. Jacobs*, Esq., *Colonel Richard F. O'Hair* (on brief).

For Appellee: *Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Major Carole W. Hanson, Major Kathryn I. Taylor* (on brief).

PER CURIAM:

On November 7, 1985, a general court-martial with members convicted Captain Wynn of conduct unbecoming an officer for shoplifting a bottle of cologne from the Exchange at Luke Air Force Base, Arizona, in violation of Article 133, Uniform Code of Military Justice, 10 USC § 933. On initial review we ordered a new staff judge advocate's recommendation and a new action by the convening authority. 26 MJ 232 (1988). After the action was accomplished, the Court of Military Review again affirmed the findings and sentence in an unpublished opinion dated July 28, 1988. We have now agreed to consider the following issues assigned by counsel:

I

WHETHER ADMISSION OF TESTIMONY REGARDING THE SILENCE OF THE ACCUSED AFTER HIS APPREHENSION BY THE STORE DETECTIVE CONSTITUTED PLAIN ERROR REQUIRING REVERSAL.

II

WHETHER THE MILITARY JUDGE ERRED BY ALLOWING A GOVERNMENT WITNESS TO TESTIFY ON THE ISSUE OF THE INTENT OF THE ACCUSED.

We conclude that no error occurred prejudicial to appellant's substantial rights (*see generally* Art. 59(a), UCMJ, 10 USC § 859(a)), and we uphold the decision of Court of Military Review on further review. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *United States v. Remai,* 19 MJ 229 (CMA 1985).

The facts related to the granted issues were detailed in the initial consideration of this case by the court below. *United States v. Wynn,* 23 MJ 726 (AFCMR 1986). Suffice it to say that Captain Wynn was observed by a store detective, Mrs. Mitchell, as he placed a bottle of cologne in a pocket of his flight suit and left the exchange. She followed him and, after he left the store, stopped him because in her words she "knew ... [he] was deliberately concealing AAFES merchandise with no intention to pay for it." Mrs. Mitchell then had Captain Wynn return with her to the central offices of the exchange where he produced the bottle of cologne. She also testified that at no time did Captain Wynn protest his innocence or otherwise explain his possession of the cologne after she stopped him.

■ Although there was no objection at trial to Mrs. Mitchell's testimony regarding Captain Wynn's silence, he now complains that it was plain error to allow the members to hear this evidence. Mil. R. Evid. 103(a) and (d), Manual for Courts-Martial, United States, 1984. We have carefully examined the record of trial and conclude that the evidence of silence had no probative significance. Captain Wynn was under Mrs. Mitchell's direct observation as he took the cologne, and it was in his possession when she stopped him outside the exchange building. On this evidence alone, the members could have found him guilty of theft. Further, trial counsel did not cross-examine appellant on this subject but concentrated on the discrepancies between his testimony and that of the detective. In view of all these circumstances, we conclude that any error in disclosing appellant's silence was harmless under Article 59(a); *see Chapman v. California, supra; see also United States v. Fisher,* 21 MJ 327 (CMA 1986).

■ As to Mrs. Mitchell's testimony regarding her perception of appellant's intent when he took the cologne, the Court of Military Review correctly held that it was not offered as an opinion of his guilt but as an explanation of her decision to stop him. 23 MJ at 727–28. The members remained free to accept appellant's explanation as to why he had not paid for the cologne or to reject it. In any event, this testimony was also not prejudicial.

The decision of the United States Air Force Court of Military Review is affirmed.

COX, Judge (concurring in the result):

In my view, a store detective is not a policeman and is not a person required to warn a suspect of his rights, especially at the initial-inquiry stage of the investigation. Therefore, I see no issue presented under the facts of this case. *United States v. Quillen,* 27 MJ 312, 315 (CMA 1988) (Cox, J., dissenting).