## UNITED STATES, Appellee

v

## WAYNE ANDERSON NEWTON, Seaman, U. S. Navy, Appellant

18 USCMA 562, 40 CMR 274

No. 22,223

September 5, 1969

Commander E. M. Fulton, Jr., JAGC, USN, was on the pleadings for Appellant, Accused.

Captain Lester G. Fant, III, USMCR, was on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

The accused pleaded guilty before a general court-martial, to four specifications of absence without leave and two specifications of breach of restriction, in violation of Articles 86 and 134, Uniform Code of Military Justice, 10 USC §§ 886 and 934, respectively. He was sentenced to a bad-conduct discharge, total forfeitures, confinement at hard labor for thirty-six months, and reduction. Intermediate appellate authorities have approved the findings and sentence without change. We granted review on the single issue of:

Whether the law officer's failure to instruct the court-martial on the voting procedures required by paragraph 76*b*(2), Manual for Courts-Martial, United States, 1951, prejudiced the accused.

Paragraph 76*b*(2), Manual, supra, provides, in pertinent part, that after discussion between the members of the court as to the sentence to be decided upon,

". . . any member who desires to propose a sentence writes his proposal on a slip of paper. The junior member collects these proposed sentences and submits them to the president. The court then votes on the proposed sentences, *beginning with the lightest,* until a sentence is adopted by the concurrence of the required number of members." [Emphasis supplied.]

In his instructions to the court on voting procedures, the law officer failed to tell the court that it should begin by voting on the lightest sentence proposed. This was error prejudicial to the substantial rights of the accused. United States v Johnson, 18 USCMA 436, 40 CMR 148.

As we said in *Johnson,* supra:

"A court, uninstructed as to this procedure, may well believe that the voting could properly commence with consideration of the most severe proposed sentence. Since we have no way of ascertaining what took place, the voting having been conducted in secret, and, inasmuch as, in our opinion, the matter concerned a substantial right of the accused, the doctrine of plain error may be properly invoked. United States v Stephen, 15 USCMA 314, 35 CMR 286. Reversal as to sentence is required."

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing on sentence may be ordered.