UNITED STATES, Appellee

v

JOSEPH F. CONNER, Private, U. S. Marine Corps, Appellant

19 USCMA 74, 41 CMR 74

No. 22,329

November 14, 1969

*Commander E. M. Fulton, Jr.,* JAGC, USN, was on the pleadings for Appellant, Accused.

*Colonel C. R. Larouche,* USMC, and *Captain Charles E. Patterson,* USMCR, were on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

The accused was convicted by special court-martial, convened in the Republic of Vietnam, of one specification each of being absent without leave, willful disobedience of an order of a superior officer, willful disobedience of an order of a superior noncommissioned officer, and wrongful possession of marihuana, in violation of Articles 86, 90, 91, and 134, Uniform Code of Military Justice, 10 USC §§ 886, 890, 891, and 934, respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for four months, and forfeiture of $97.00 per month for four months. Intermediate appellate authorities have approved the findings and sentence without change. We granted re-

74

view to consider whether the president erred to the substantial prejudice of the accused by failing to instruct the court that when voting on proposed sentences, it should begin with the lightest proposal and continue in this manner until a sentence is adopted by the concurrence of the required number of members.

Our holding in this case is controlled by our decision in United States v Johnson, 18 USCMA 436, 40 CMR 148, where, confronted with the same issue, we held that failure to give such an instruction, as provided for in paragraph 76b(2) of the Manual for Courts-Martial, United States, 1951, was prejudicial error. As we said in Johnson, at page 437:

"A court, uninstructed as to this procedure, may well believe that the voting could properly commence with consideration of the most severe proposed sentence. Since we have no way of ascertaining what took place, the voting having been conducted in secret, and, inasmuch as, in our opinion, the matter concerned a substantial right of the accused, the doctrine of plain error may be properly invoked. United States v Stephen, 15 USCMA 314, 35 CMR 286. Reversal as to sentence is required."

See also United States v Newton, 18 USCMA 562, 40 CMR 274.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing on sentence may be ordered.

Chief Judge QUINN and Judge DARDEN concur.