UNITED STATES, Appellee,

v.

Charles E. FISHER, Private U.S. Army, Appellant.

No. 47342.
SPCM 18818.

U.S. Court of Military Appeals.

Feb. 17, 1986.

For Appellant: *Captain David W. Sorensen* (argued); *Colonel William G. Eckhardt, Lieutenant Colonel William P. Heaston, Major Edwin D. Selby, Captain Gunther O. Carrle* (on brief); *Colonel Brooks B. LaGrua* and *Major Eric T. Franzen.*

For Appellee: *Captain Laura G. Poston* (argued); *Colonel James Kucera, Lieutenant Colonel John T. Edwards, Captain Thomas E. Booth, Captain Debbie J. O'Bryan* (on brief).

*Opinion of the Court*

COX, Judge.

Pursuant to his negotiated pleas at a special court-martial, appellant was convicted of two specifications of sale of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced by a panel of officer and enlisted members to confinement at hard labor and forfeiture of $367 pay per month for 6 months, reduction to pay grade E–1, and a bad-conduct discharge. Complying

with the terms of the pretrial agreement, the convening authority disapproved confinement and forfeitures in excess of 3 months but otherwise approved the sentence. The Court of Military Review affirmed in a short-form opinion.

This Court granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED TO APPELLANT'S PREJUDICE BY IMPROPERLY INSTRUCTING THE COURT MEMBERS ON SENTENCING.

■ For the first time on appeal, appellant complains of two instructional omissions by the military judge. First, the military judge failed to instruct on the mitigating effects of a guilty plea, although an instruction to this effect would have been appropriate. *United States v. Prater*, 20 U.S.C.M.A. 339, 43 C.M.R. 179 (1971). In the absence of a defense objection or request to so instruct, however, the failure of the military judge to give such an instruction does not constitute reversible error. *Cf. United States v. Timmons*, 13 M.J. 431 (C.M.A.1982); *United States v. Robinson*, 11 M.J. 218 (C.M.A.1981).

■ Of more serious consequence, the military judge also failed to instruct the members to vote on the proposed sentences "beginning with the lightest." A voting procedure requiring proposed sentences to be arranged in order of severity and voted on "beginning with the lightest" was provided in paragraph 76*b*(2) of the Manual for Courts-Martial, United States, 1951, and the Manual for Courts-Martial, United States, 1969 (Revised edition), and is currently provided in R.C.M. 1006(d)(3)(A) of the Manual for Courts-Martial, United States, 1984. Since *United States v. Johnson*, 18 U.S.C.M.A. 436, 40 C.M.R. 148 (1969), failure to instruct on the order of voting on proposed sentences generally has been regarded as plain error *per se*, war-

ranting the Court to overlook the absence of defense objection.[1] *See United States v. Lumm*, 1 M.J. 35 (C.M.A.1975); *United States v. Conner*, 19 U.S.C.M.A. 74, 41 C.M.R. 74 (1969); *United States v. Dues*, 19 U.S.C.M.A. 130, 41 C.M.R. 130 (1969); *United States v. Newton*, 18 U.S.C.M.A. 562, 40 C.M.R. 274 (1969). *But see United States v. Roman*, 22 U.S.C.M.A. 78, 46 C.M.R. 78 (1972); *United States v. Pierce*, 19 U.S.C.M.A. 225, 41 C.M.R. 225 (1970).

It has become clear, however, that "[a] *per se* approach to plain error review is flawed." *United States v. Young*, — U.S. —, 105 S.Ct. 1038, 1047 n. 14, 84 L.Ed.2d 1 (1985). In requiring automatic reversal when this instructional error occurred, *Johnson* and its progeny failed to take into account the facts and circumstances of the individual cases. This approach permits counsel for the accused to remain silent, make no objections, and then raise an instructional error for the first time on appeal. This undermines "our need to encourage all trial participants to seek a fair and accurate trial the first time around." *United States v. Frady*, 456 U.S. 152, 163, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982). Moreover, without viewing the error in the context of the facts of the particular case, "[i]t is simply not possible for an appellate court to assess the seriousness of the claimed error." *United States v. Young, supra* 105 S.Ct. at 1047.

■ In order to constitute plain error, the error must not only be both obvious and substantial, it must also have "had an unfair prejudicial impact on the jury's deliberations." *Id.*, n. 14. The plain error doctrine is invoked to rectify those errors that "seriously affect the fairness, integrity or public reputation of judicial proceedings," *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936). As a consequence, it "is to be used sparingly, solely in those circumstances in

---

1. The Manual for Courts-Martial, United States, 1984, provides that "[f]ailure to object to an instruction ... constitutes waiver ... in the absence of plain error." R.C.M. 1005(f). "This ... is based on Fed.R.Crim.P. 30" Drafters' Analysis, App. 21, Manual, *supra*. Fed.R. Crim.P. 30 and 52(b) are merely restatements of "existing law." *United States v. Frady*, 456 U.S. 152, 163 n. 13, 102 S.Ct. 1584, 1592 n. 13, 71 L.Ed.2d 816 (1982).

which a miscarriage of justice would otherwise result." *United States v. Frady, supra,* 456 U.S. at 163 n. 14, 102 S.Ct. at 1592 n. 14.

To determine whether plain error has occurred in this case, then, the claim must be evaluated against the entire record, keeping these principles in mind. The instructions here gave the members full guidance on the procedures to be followed in voting on proposed sentences, with the exception of the admonition to begin voting with the lightest sentence first. Viewing the instructional omission in the context of this case, considering the evidence in extenuation and mitigation, the seriousness of the offenses, and the substantial reduction in sentence obtained through the benefit of the pretrial agreement, it cannot be said that the omission, though error, constituted plain error justifying reversal in spite of the lack of timely objection.[2]

█ Because we have treated this instructional error as reversible *per se* in the past, however, there may have been reliance on these rulings resulting in a failure to make timely objection at the trial level. Therefore, we will apply the above plain error analysis to this instructional error in trials occurring on and after this date.

█ In oral argument, appellate defense counsel requested reassessment of the sentence by the Court of Military Review to cure the instructional error, rather than a rehearing on sentence. We agree that this is the appropriate remedy. The Court of Military Review's reassessment of the sentence can purge the prejudicial effect of an error which may have led the members to impose a sentence more severe than they might have imposed had the error not occurred. *See United States v. Suzuki,* 20 M.J. 248 (C.M.A.1985).

The decision of the United States Army Court of Military Review as to sentence is reversed. The record of trial is returned to the Judge Advocate General of the Army for resubmission to that court for reassessment of the sentence.

EVERETT, Chief Judge (concurring).

In this case the appellate defense counsel requested reassessment of sentence by a Court of Military Review, rather than a rehearing on sentence at the trial level. Under these circumstances I consider reassessment to be an adequate remedy for this instructional error; but I do not decide under what other circumstances, if any, it would suffice.

2. We wish to emphasize that the military judge has a *sua sponte* duty to instruct the members on the proper procedures for voting on sentence. *See* R.C.M. 1005 and 1006, Manual, *supra.*