**UNITED STATES, Appellee,**

v.

**Sergeant First Class Clarence E. SCOTT, 417–64–7309, United States Army, Appellant.**

**CM 445320.**

U.S. Army Court of Military Review.

22 May 1986.

---

For Appellant: Lieutenant Colonel William P. Heaston, JAGC, Major Eric T. Franzen, JAGC, Major Harry L. Williams, Jr., JAGC, Captain Michael D. Graham, JAGC, Captain Ted W. Neiswanger, JAGC, Captain Craig E. Teller, JAGC, Captain David W. Sorensen, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Thomas J. Leclair, JAGC, Captain Andrew D. Stewart, JAGC, Captain John F. Burnette, JAGC (on brief).

Before WOLD, FELDER and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Judge:

Contrary to his pleas, appellant was convicted, by a general court-martial composed of officer members, of dereliction of duty, signing a false offical record, and larceny, in violation of Articles 92, 107, and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 907, and 921 (1982). He was sentenced to a bad-conduct discharge, confinement at hard labor for two years, forfeiture of all pay and allowances, and reduction to the grade of Private E–1. The convening authority approved the sentence.

### I

■ The first issue we will discuss concerns the application of Military Rule of Evidence 803(8), the hearsay exception for public records. Appellant contends that the military judge erred to his substantial prejudice by admitting an audit report into evidence. We disagree.

All the charged offenses in this case focus upon appellant's mishandling of cash receipts, falsification of offical records, and larceny of funds in his capacity as manager of the Fitzsimons Noncommissioned Officers (NCO) club.

A cash shortage and the late turn-in of cash receipts at the Fitzsimons NCO club prompted the installation club manager (who was appellant's immediate supervisor) to conduct an unannounced cash count of the contents of the club safe. Unable to account for seven days' deposit slips and $1500, the installation club manager notified his supervisors about the possibility of a cash shortage at the NCO club. An auditor was called in to conduct a surprise cash count, which revealed that approximately $1500 was missing from the club's safe. The appellant arrived at the club in the midst of the cash count. Going to his office with his supervisor, he produced six sealed bags of money totalling $11,716 which he retrieved from an unlocked drawer in his desk. The auditor was subsequently directed by the post commander to conduct an internal review audit.[1] The au-

---

1. The internal review audit was directed by the post commander under authority of paragraph 6–17*a*(1), Army Regulation 230–60, *The Management and Administration of the United States*

ditor's final report reflected a total loss of $4,733.61.

This report of audit was offered into evidence as a public record pursuant to Military Rule of Evidence 803(8). The report was admitted over the trial defense counsel's objection that the report contained opinions which were conclusional rather than factual in nature and an objection on the basis of Military Rule of Evidence 403. On appeal, the appellant has narrowed his argument to the Rule 803(8) issue.

Rule 803 states in pertinent part:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

\* \* \* \* \* \*

(8) *Public records and reports.* Records, reports, statements, or data compilations, in any form, of public office or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, matters observed by police officers and other personnel acting in a law enforcement capacity, or (C) against the government, factual findings resulting from an investigation made pursuant to authority granted by law. . . .

The audit report in question does not satisfy the requirements of subsection A because it was not an internal record of the club's own activities. *See* 4 J. Weinstein & M. Berger, *Weinstein's Evidence,* § 803(8)[01] at 803–237 (1984) [hereinafter cited as Weinstein]. Subsection C is not satisfied because the report was offered against appellant, rather than against the government. This leaves subsection B. The Drafter's Analysis of this Rule reveals that subsection B is intended to

[extend] to far more than just the normal procedures of an office or agency. Perhaps because of this extent, it requires that there be a specific duty to observe and report. This duty could take the

*Army Club System,* (1 March 1981) [hereinafter

form of a statement, general order, regulation, or any competent order.

Appendix 18, Manual for Courts-Martial, United States, 1969 (Rev. ed.); *see also* S. Saltzburg, L. Schinasi, & D. Schlueter, *Military Rules of Evidence Manual* 362–63 (1981). Similarly, the duty to report requirement was added by amendment to the Federal rule because "[o]ne operating under such a duty is far more likely to observe and report accurately." Weinstein, § 803(8)[01] at 803–237.

The order by the post commander to prepare a review audit created a specific duty on the part of the auditor to observe and report. The factual findings contained within the audit report were based upon the facts observed in the scope of the auditor's official duties, which included the review of all cash receipts and deposits and the reconciliation of the club's financial records with the cash on hand and on deposit.

The remaining question is whether the auditor was acting in a law enforcement capacity, which would, by the terms of subsection B, deny the use of that subsection to the government. The legislative history of Federal Rule 803(8)(B) (upon which the military rule is based) reveals that this exclusion was added because:

observations by police officers at the scene of the crime or the apprehension of the defendant are not as reliable as observations by public officials in other cases because of the adversarial nature of the confrontation between the police and the defendant in criminal cases.

Weinstein, § 803(8)[01] at 803–238 (quoting S.Rep.No. 1277, 93d Cong., 2d Sess., *reprinted in* 1974 U.S. Code Cong. & Ad. News 7051, 7064).

The internal review audit was initiated because of the loss of funds at the club, with the purposes provided by the authorizing regulation, which are to insure the "adequacy of internal controls", insure that action had been taken to "correct deficiencies cited in reports of club audits and

cited as AR 230–60].

inspections," and to correct "the underlying reason for such deficiencies." Para. 6–15c, AR 230–60. The audit report itself confirms the fact that the audit was confined to the scope set forth by regulation. The audit report was directed toward, and yielded nothing more than, objectively verifiable facts regarding the financial posture of the NCO club. We find that the auditor was not acting in a law enforcement capacity. Thus, the military judge properly received the audit report into evidence as a public record. *See American Craft Hosiery Corp. v. Damascus Hosiery Mills, Inc.,* 575 F. Supp. 816, 821–22 (W.D.N.C. 1983) (audit report admitted under Federal Rule of Evidence 803(8)).

■ Finally, we note that the auditor who prepared the report testified at length during appellant's trial concerning the contents of the audit report. He was subjected to cross-examination on the same matter. His testimony was essentially cumulative with the audit report and therefore any possible error associated with its admission was harmless.

### II

■ This court also specified the following issue:

WHETHER THE FAILURE OF THE MILITARY JUDGE TO INSTRUCT ON SENTENCING THAT VOTING MUST BEGIN WITH THE LIGHTEST PROPOSED SENTENCE IS AN ERROR WHICH SHOULD BE TESTED FOR PREJUDICE.

The military judge failed to instruct the members that they should vote on proposed sentences beginning with the lightest. In light of *United States v. Fisher,* 21 M.J. 327 (C.M.A.1986), appellant is entitled to a sentence rehearing.

The findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.

Senior Judge WOLD and Judge FELDER concur.