**UNITED STATES, Appellee,**

v.

**Specialist Jeffrey S. SCHNITZER, 466–65–4401, United States Army, Appellant.**

**ACMR 9202662.**

U.S. Army Court of Criminal Appeals.

2 Nov. 1994.

For Appellant: Richard T. McNeil (argued); Captain Teresa L. Norris, JAGC (on brief).

For Appellee: Captain Joel B. Miller, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel James L. Pohl, JAGC, Captain Gregory T. Baldwin, JAGC (on brief); Colonel John M. Smith, JAGC, Captain Anthony P. Nicastro, JAGC.

Before CUTHBERT, LANE, and RUSSELL, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

CUTHBERT, Chief Judge:

On mixed pleas, the appellant was convicted at a general court-martial of attempted premeditated murder, violation of a lawful general regulation (wrongful possession of drug paraphernalia), wrongful possession of marijuana, two specifications of rape, oral and anal sodomy, and kidnapping in violation of Articles 80, 92, 112a, 120, 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 892, 912a, 920, 925 and 934 (1988) [hereinafter UCMJ].[1] He was sentenced by a panel of officer and enlisted members to a dishonorable discharge, confinement for twenty-nine years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the sentence.

The appellant asserts, inter alia, that (1) the evidence is factually insufficient to sustain the convictions for attempted premeditated murder, anal sodomy, kidnapping, and wrongful possession of marijuana and drug paraphernalia,[2] and (2) his sentence to confinement for twenty-nine years is inappropriately severe when compared to the fifteen-year sentence received by his coactor, Specialist (SPC) Campbell. We find that both assertions are without merit. However, we find that the appellant's sentence is tainted by the erroneous admission of evidence concerning the sentence limitation in his coactor's pretrial agreement.

### I. Factual Sufficiency

When testing a case for factual sufficiency this court, after weighing the evidence and making allowances for not having seen the witnesses in person, must be convinced that an accused is guilty beyond a reasonable doubt. *United States v. Turner*, 25 M.J. 324 (C.M.A.1987); *United States v. Tyler*, 36 M.J. 641 (A.C.M.R.1992). After careful review of the record of trial and the points raised in oral argument, we hold that the evidence is factually sufficient to sustain all of the findings.

### II. Sentence Appropriateness

This court is charged with affirming only the sentence or such part or amount thereof as we determine should be approved. UCMJ art. 66(c), 10 U.S.C.A. § 866(c). The appropriateness of an accused's sentence must be judged on an individual basis, considering the nature and seriousness of the offense and the character of the offender. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982). Generally, the appropriateness of a sentence is to be determined without reference or comparison to sentences in other cases. *United States v. Olinger*, 12 M.J. 458 (C.M.A.1982), citing *United States v. Mamaluy*, 10 U.S.C.M.A. 102, 106, 27 C.M.R. 176, 180 (1959). An exception to this general rule arises, however, when there are highly disparate sentences in closely related

---

1. The appellant pleaded guilty to the two rapes and violating a lawful general regulation (possession of drug paraphernalia), but his plea to the latter specification was not accepted. His guilt otherwise was determined by the court members.

2. During oral argument, counsel for appellant conceded legal sufficiency.

cases. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982), *citing Olinger*, 12 M.J. at 460.

This case is closely related to the case in *United States v. Campbell*, ACMR 9202452 (A.C.M.R. 10 Jan. 1994) (unpub.). Campbell and the appellant were coactors. After careful consideration of the entire record, we are satisfied that they shared a similar mens rea when they joined in striking the victim on the head with a rock.

Appellant contends that, because they shared a similar mens rea, they should have received similar sentences. Pursuant to his pleas, SPC Campbell was found guilty of rape, kidnapping, aggravated assault, forcible oral sodomy and indecent acts. He was sentenced to fifteen years' confinement. The appellant, on the other hand, pleaded guilty only to rape, but was ultimately convicted of attempted premeditated murder, oral and anal sodomy, kidnapping, and wrongful possession of marijuana and drug paraphernalia, as well as rape. He was sentenced to confinement for twenty-nine years. We conclude that the sentence disparity between these two cases arises not from any significant variance in their relative culpability, but from the vicissitudes of a plea bargaining system that allowed SPC Campbell to avoid the full force of a prosecution armed with vivid evidence of his murderous intent.[3]

▮ This court has repeatedly held that Article 66, UCMJ, does not mandate that a reviewing court consider the disparate sentences of an appellant and his coactor and grant the appellant relief. *United States v. Davis*, 20 M.J. 980 (A.C.M.R.1985); *United States v. Scantland*, 14 M.J. 531, 533 (A.C.M.R.1982). Despite the difference of fourteen years in the adjudged sentences of Campbell and the appellant, this court does not find appellant's sentence inappropriate. Given the egregious nature of the crimes of which appellant was found guilty and the serious injuries which appellant inflicted upon the victim, the sentence to twenty-nine years confinement was warranted. There-

fore, if sentence appropriateness were the only issue facing the court with respect to appellant's sentence, the appellant would not be entitled to any relief.

### III.   Command Influence

▮ While a sentence may be appropriate, it is necessary that it have been properly adjudged. In addition to considering errors raised by an appellant, this court has an obligation, pursuant to Article 66(c), UCMJ, to independently review each case referred to it and "affirm only such findings of guilty and the sentence ..., as it finds correct in law and fact...." *United States v. Claxton*, 32 M.J. 159, 162 (C.M.A.1991); *United States v. Evans*, 28 M.J. 74, 76 (C.M.A.1989). While conducting this review, the court discovered an error, not cited by the appellant, which causes us to question the fundamental fairness of appellant's sentence hearing. We find that the appellant is entitled to a new sentence proceeding.

During the government's case in chief, the trial counsel introduced evidence concerning SPC Campbell's pretrial agreement, including the convening authority's sentence limitation. In an apparent attempt to preempt the defense on the issues of SPC Campbell's credibility and bias, the trial counsel entered into the following exchange with SPC Campbell.

Q.  When you pled guilty at your court-martial were you pleading guilty also to the crimes that involved Specialist Schnitzer?

A.  Yes, ma'am. The rape and assault and oral sodomy, kidnapping.

. . . .

Q.  Okay. Was that pursuant to a pretrial agreement?  Was that with a pretrial agreement?

A.  Yes, ma'am, I had one.

Q.  And, how many years did you have in that pretrial agreement?  What was your deal for?

---

3.  In spite of government appellate counsel's argument that the appellant was also sentenced for an additional pattern of criminal misconduct (possession of marijuana and drug paraphernalia), we find those offenses so minor in the present context as not to warrant serious analytical consideration.

A. If I remember correctly, it was for 28 years.

Q. And, what did you receive at your court-martial?

A. I received a 15 year sentence.

The civilian defense counsel failed to object to this line of questioning, and in fact asked SPC Campbell if he was not testifying in the hope of getting a reduction in his "15 year sentence." Moreover, the military judge did not give an appropriate limiting instruction to preclude the panel from considering this evidence for any purpose other than bias. Ultimately, the panel convicted the appellant and sentenced him to confinement for twenty-nine years.

Finding plain error in *United States v. Grady*, 15 M.J. 275, 276 (C.M.A.1983), the Court of Appeals for the Armed Forces condemned "repeated references" to command policies made before court members charged with sentencing responsibilities as they, in effect, brought the commander into the deliberation room. Thus, the command policy became obviously so fixed in the members' minds that only comprehensive limiting instructions could have cured the error, and failure to do so was prejudicial error. *Id.* at 277. Moreover, in disposing of the argument that the defense had acquiesced in this as a tactical ploy, the court stated:

> Further, it is the *fact* of the reference to command policy that has been condemned and not the *source* of the reference. Hence, ... the mention of such policy before the members improperly invades the province of their sentencing deliberations.

*Id.* at 276 (citations omitted).

While the case at bar differs from *Grady* in that it does not involve the mention of command policy regarding general sentence appropriateness for a class of cases, we are satisfied that precisely the same command influence concerns implicated in *Grady* are present where the commander's view of an appropriate sentence for the accused becomes implicitly obvious to members through mention of the commander's exact sentence limitation in the coactor's case.

■ Accordingly, we hold that reference before a panel to a specific sentence limitation agreed to by a convening authority in a coactor's case, absent a comprehensive limiting instruction, improperly invades the panel's sentence deliberations and is prejudicial error.[4] However, failure to object or to request a curative instruction waives the issue on appeal, absent plain error. R.C.M. 1005(f). Thus, the issue is one of plain error.

In *Kropf*, the Court of Appeals for the Armed Forces applied the *Grady* rule, but found that there was no plain error in that case. In doing so, the Court did not presume prejudice, but looked for some clear indication that the mention of the command policy actually affected the members' sentencing deliberations. Their concluding assessment in finding no plain error is helpful to us here:

> It is neither "clear" nor "obvious" that the argument infected the members' deliberations with Navy policy or that it affected a substantial right of appellant. *United States v. Toro*, 37 M.J. 313, 316 (C.M.A. 1993); *United States v. Fisher*, 21 M.J. 327 (C.M.A.1986).

*Id.* 39 M.J. at 109.[5]

■ There is no need here for us to resort to speculation in assessing whether the mention of the coactor's sentence limitation affected the sentencing deliberation. Both

---

4. This rule does not preclude a more generalized reference to the existence of a pretrial agreement to demonstrate bias or to rehabilitate an impeached witness, nor should it be construed to mean that any mention of a precise sentence limitation without a limiting instruction is plain error. This case merely follows the *Grady* rationale in holding that there is a sua sponte duty to give a limiting instruction whenever a coactor's sentencing limitation is mentioned. Failure to do so is prejudicial error. It is only plain error if the error obviously infected the sentencing pro-

cess. *See United States v. Kropf*, 39 M.J. 107, 109 (C.M.A.1994).

5. In *Toro*, the Court of Appeals for the Armed Forces adopted the three-prong test in *U.S. v. Olano*, —— U.S. ——, ——, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993) for determining when error is so substantial it should be considered plain error. First, there must be error. Second, the error must be plain, which is "synonymous with clear or obvious." Finally, the error must affect substantial rights. *Toro*, 37 M.J. at 316.

common sense and the rational inferences to be drawn from all of the circumstances demonstrate that the correlation between the twenty-nine year sentence fashioned for the appellant and the twenty-eight year sentence limitation for the coactor is no mere coincidence. The objectionable evidence was introduced during the government's case in chief, which depicted the appellant as being somewhat more culpable than his coactor. The members were not instructed that they could not consider the coactor's sentence limitation in fashioning an individualized sentence for the appellant. Rather, they were instructed that they *could* consider all admissible evidence, whether admitted before or after findings. Thus, we are satisfied that the appellant's unusual twenty-nine year adjudged sentence reflects the convening authority's view that the less culpable coactor should receive twenty-eight years confinement.

Accordingly, we find plain error based on the facts and circumstances of this case because it is clear that the mention of the coactor's sentencing limitation infected the members' deliberation on sentence, thereby affecting the appellant's substantial right to have his case individually considered by a sentencing authority without influence from a convening authority.

The remaining assertions of error are without merit.

The findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.[6]

Senior Judge LANE and Judge RUSSELL concur.

---

**6.** It might be argued that, in the interests of judicial economy, we should simply reduce the appellant's sentence to sixteen years (SPC Campbell's sentence plus one year), but that still relates the appellant's sentence to that of his coactor. The appellant is entitled to an individual sentence assessment; that can best be provided by a rehearing. *United States v. Sales,* 22 M.J. 305, 307 (C.M.A.1986) (when Court of Military Review cannot reliably determine what sentence would have been imposed, a rehearing is in order).