STUCKY, Judge
(dissenting):
Appellee and Cross-Appellant, Senior Airman Humphries, failed to demonstrate that the failure of the adultery specification to allege the terminal element was plain error. I would further hold that the United States Air Force Court of Criminal Appeals (CCA) was without authority to remand the case to the convening authority with directions to approve a sentence not to exceed what the CCA thought appropriate. Therefore, I respectfully dissent.
I. The Specification
The specification in question (Charge II, Specification 1) alleged the following under Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006):
In that SENIOR AIRMAN RYAN D. HUMPHRIES, United States Air Force, 7th Aircraft Maintenance Squadron, Dyess Air Force Base, Texas, a married man, did, at or near Dyess Air Force Base, Texas, on or about 2 February 2005, wrongfully have sexual intercourse with [AH], a woman not his wife.
Appellee pled not guilty but did not object to the specification at trial. Whether the specification is defective and the appropriate remedy for such a defect are matters of law we review de novo. United States v. Ballan, 71 M.J. 28, 33 (C.A.A.F.2012). When, as here, an appellant alleges for the first time on appeal that a specification fails to state an offense because it does not contain every *220 element of the offense, we review for plain error. Id. at 34 (citing United States v. Cotton, 535 U.S. 625, 631-32, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)).
II. Plain Error
The plain error doctrine “reflects a careful balancing of our need to encourage all trial participants to seek a fair and accurate trial the first time around against our insistence that obvious injustice be promptly redressed.” United States v. Frady, 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), quoted in United States v. Young, 470 U.S. 1, 15-16, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985).
There are four elements to the Supreme Court’s plain error doctrine. The appellant has the burden of establishing the first three: (1) there was error; (2) the error was “clear or obvious, rather than subject to reasonable dispute”; and (3) the error “affected the appellant’s substantial rights, which in the ordinary case means ... ‘it affected the outcome of the district court proceedings.’ ” Puckett v. United States, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) (quoting United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)); see Cotton, 535 U.S. at 631, 122 S.Ct. 1781. “Fourth and finally, if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.” Puckett, 556 U.S. at 135, 129 S.Ct. 1423 (alteration in original) (quotation marks and citation omitted). The Supreme Court has admonished lower courts that “any unwarranted extension” of the plain error doctrine “would disturb the careful balance it strikes between judicial efficiency and the redress of injustice.” Id. (quotation marks and citations omitted); see also United States v. Marcus, — U.S. —, 130 S.Ct. 2159, 2164, 176 L.Ed.2d 1012 (2010) (“Lower courts, of course, must apply the Rule as this Court has interpreted it.”).
There is some disagreement about the application of the plain error doctrine in the military. See United States v. Girouard, 70 M.J. 5, 11 n. 7 (C.A.A.F.2011); United States v. Flores, 69 M.J. 366, 373 (C.A.A.F.2011) (Stucky, J., dissenting in part and concurring in the result); United States v. Paige, 67 M.J. 442, 452 (C.A.A.F.2009) (Stucky, J., dissenting in part and concurring in the result). We originally adopted the Supreme Court’s plain error test. See United States v. Fisher, 21 M.J. 327 (C.M.A.1986).
In order to constitute plain error, the error must not only be both obvious and substantial, it must also have “had an unfair prejudicial impact on the jury’s deliberations.” [Young, 470 U.S. at 16 n. 14, 105 S.Ct. 1038]. The plain error doctrine is invoked to rectify those errors that “seriously affect the fairness, integrity or public reputation of judicial proceedings,” United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936). As a consequence, it “is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.” [Frady, 456 U.S. at 163 n. 14, 102 S.Ct. 1584].
Id. at 328-29.
In United States v. Powell, however, we created a military plain error doctrine because we concluded that the Supreme Court’s doctrine was based on rules that do not apply to appellate courts within the military justice system. 49 M.J. 460, 463-65 (C.A.A.F.1998). We focused on two differences in the systems — applicability of the Supreme Court’s third and fourth prongs.
A. The Third Prong
The third prong of the Supreme Court’s plain error test — that the clear or obvious error “affectfed] substantial rights” — was derived from Fed.R.Crim.P. 52(b); but the federal rules do not apply to the military justice system. Id. at 463-64. A finding or sentence of a court-martial, on the other hand, “may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused.” Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2006) (emphasis added). We concluded that “materially prejudices” sets a higher threshold for overturning convictions *221 and sentences than does “affect[s] substantial rights.” Powell, 49 M.J. at 465. We nevertheless approved the Fisher understanding of “materially prejudices the substantial rights of the accused” — that the “plain error have ‘an unfair prejudicial impact on the jury’s deliberations.’ ” Id. (quoting Fisher, 21 M.J. at 328); see United States v. Bresnahan, 62 M.J. 137, 146 (C.A.A.F.2005) (defining plain error as error that was plain and obvious and resulted in an “unfair prejudicial impact on the [members’] deliberations”) (alteration in original) (citation omitted). Meanwhile, the Supreme Court defined the third prong in a manner consistent with our holdings in Powell and Fisher — the appellant must demonstrate “ ‘a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different.’” United States v. Dominguez Benitez, 542 U.S. 74, 81-82, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (quoting United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)) (opinion of Blackmun, J.) (alteration in original); accord Marcus, 130 S.Ct. at 2164 (“a reasonable probability that the error affected the outcome of the trial”).
B. The Fourth Prong
We asserted in Powell that the fourth prong of the Supreme Court’s plain error test — “that an appellate court should not correct a plain error unless the error ‘seriously affects the fairness, integrity, or public reputation of judicial proceedings’ ” — “applies only to courts exercising discretionary powers of review.”[1] 49 M.J. at 465 (quoting Johnson v. United States, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). In reviewing this ease, this Court is exercising its discretionary powers of review. See Article 67(a)(3), UCMJ, 10 U.S.C. § 867(a)(3) (2006). Therefore, we should not overturn Appellee’s convictions unless the error “seriously affects the fairness, integrity, or public reputation of judicial proceedings.” Johnson, 520 U.S. at 467, 117 S.Ct. 1544 (quotation marks and citations omitted).
C. Discussion
I agree with the majority that the failure of the specification to allege an essential element of the offense was obvious error. But I conclude that (1) Appellee failed to establish that the error resulted in material prejudice to his substantial rights; and (2) the error did not seriously affect the fairness, integrity, or public reputation of the proceedings.
Appellee asserts that he was prejudiced because he was “convicted of an obviously defective specification,” and by the misleading nature of the record of conviction. But that is the error, or its possible effect, not the prejudice as defined in the plain error doctrine.
The majority concludes that the material prejudice to Appellee’s substantial right was his constitutional right to notice under the Fifth and Sixth Amendments. United States v. Humphries, 71 M.J. 209, 214-15 (C.A.A.F. 2012). But, again, “that is simply an ipse dixit recasting the conceded error — [failure of the specification to give notice] — as the [material prejudice to] substantial rights.” See Puckett, 556 U.S. at 142, 129 S.Ct. 1423.
To show prejudice, Appellee would have to demonstrate that the error — the lack of notice — impaired his ability to defend against the specification such that it had an unfair prejudicial impact on the factfinder’s deliberations. Fisher, 21 M.J. at 328; accord Bresnahan, 62 M.J. at 146; Powell, 49 M.J. at 465; see Marcus, 130 S.Ct. at 2164. This he has not done. Appellee has not alleged either that he lacked such notice or that his ability to defend against the adultery allegation was impaired.[2] If Appellee has the burden of demonstrating that the failure of notice somehow impaired his ability to defend against the specification, we should require, *222 at a minimum, that he allege that it did so. See United States v. Washington, 653 F.3d 1251, 1260 (10th Cir.2011), cert. denied, — U.S. —, 132 S.Ct. 1039, 181 L.Ed.2d 765 (2012).
The majority concedes that Appellee has the burden but ultimately lets him off the hook by suggesting that the Government had a burden of curing the error at trial. Humphries, 71 M.J. at 216-17 n. 10. Without further explanation or analysis, the majority concludes that “even from a cursory review of the record, the material prejudice to the substantial right to constitutional notice in this case is blatantly obvious, in large part because it appears the charge was, as Appel-lee argued at trial, ‘a throw away charge.’ ”[3] Id. at 217 n. 10.
Appellee was represented at trial by two military defense counsel, one of whom was a senior defense counsel, each qualified and certified under Article 27(b), UCMJ, 10 U.S.C. § 827(b) (2006), to represent accuseds in general courts-martial. As this was a general court-martial, it was preceded by an Article 32, UCMJ, 10 U.S.C. § 832 (2006), investigation. Appellee and his defense counsel were provided with copies of the investigating officer’s report, which spelled out the elements of the offense of adultery, including that such conduct was prejudicial to good order and discipline or was of a nature to bring discredit upon the armed forces. Appellee’s closing argument further demonstrates that he was fully aware of the elements of the offense against which he had to defend.
Consider the husband’s overseas but consider that this was not open and notorious. Either one of these is not open and notorious, not service discrediting. Have they put any evidence before you that somehow that the unit fell apart because either one of these incidents ever occurred? Well certainly it couldn’t have been service discrediting with [S], because that never happened. And if he was the one that was with Ms. [H], was there any prejudice to good order and discipline? They haven’t shown that.
There was no prejudice to good order and discipline, those are throw away charges and I ask you to do just that. Throw them away.
Even assuming Appellee could show prejudice, we should apply the fourth prong to Appellee’s case. Powell, 49 M.J. at 465; see Fisher, 21 M.J. at 328. In light of the military’s long history of not requiring the terminal element to be pled in Article 134 specifications, Appellee’s representation by two qualified and certified military defense counsel, Appellee’s failure to allege any cognizable prejudice, and the quality of the evidence establishing that Appellee’s conduct was prejudicial to good order and discipline,[4] the error in omitting the terminal element from the specification did not seriously affect the fairness, integrity, or public reputation of judicial proceedings.
Appellee failed to establish prong three or prong four of the plain error test. He failed to demonstrate that his conviction for adultery under Article 134, UCMJ, resulted in material prejudice to his substantial rights or seriously affected the fairness, integrity, or public reputation of judicial proceedings. By finding plain error and reversing Appellee’s conviction, the majority disturbs the careful balance the plain error doctrine was meant to strike between judicial efficiency and the redress of justice. Puckett, 556 U.S. at 135, 129 S.Ct. 1423.
III. The CCA’s Remand
A. Background
The first time the CCA reviewed this case, it did not rule on the findings but neverthe *223 less found “that portion of the appellant’s sentence which provides for an unsuspended bad-conduct discharge inappropriately severe.” United, States v. Humphries, No. 37491, 2010 CCA LEXIS 236, at *7-*8, 2010 WL 2266324, at *2 (A.F.Ct.Crim.App. May 24, 2010). The CCA set aside the convening authority’s action and remanded for reconsideration of the sentence “with full knowledge as to the upper limit on appropriateness.” Id. at *10, 2010 WL 2266324, at *3 (citation and quotation marks omitted). The CCA then instructed the convening authority that he could approve “an adjudged sentence no greater than one including a suspended bad-conduct discharge.” Id., 2010 WL 2266324, at *3.
As a result of certification by the Judge Advocate General, this Court remanded the case back to the CCA for further action on the findings. United States v. Humphries, 69 M.J. 491 (C.A.A.F.2011) (summary disposition). The CCA summarized its previous ruling as follows:
Specifically, we determined that the appellant’s convictions are legally and factually sufficient and his convictions do not unreasonably exaggerate his criminality. However, after reviewing the record of trial, the submission of briefs from both sides, we set aside the convening authority’s action because we believed that an unsus-pended bad-conduct discharge was inappropriately severe.
United States v. Humphries, No. 37491 (rem), 2011 CCA LEXIS 312, at *3, 2011 WL 6010056, at *1 (A.F.Ct.Crim.App. Aug. 3, 2011). The CCA again concluded that an unsuspended punitive discharge was inappropriately severe for Appellee’s offenses, set aside the convening authority’s action and “return[ed] [the record of trial] to The Judge Advocate General for remand to the convening authority for reconsideration of the sentence ‘with full knowledge as to the upper limit on appropriateness.’” Id, at *8, 2011 WL 6010056, at *3 (quoting United States v. Clark, 16 M.J. 239, 243 (C.M.A.1983) (Everett, C.J., concurring)).
B. Discussion
“[FJederal courts have no inherent power to suspend a sentence ...; their authority derives solely from statutes.” United States v. Anderson, 583 F.3d 504, 508 (7th Cir.2009) (citations omitted). Thus, we must review the statutes to determine who, if anyone, in the military has the power to suspend a sentence.
Under the Uniform Code of Military Justice, the following may suspend a court-martial sentence:
(1) The convening authority, in his sole discretion; Article 60(c)(2), UCMJ, 10 U.S.C. § 860(c)(2) (2006);
(2) The President, in a death penalty case, but not for the part of the sentence providing for death; Article 71(a), UCMJ, 10 U.S.C. § 871(a) (2006);
(3) The Secretary of the service, or Under or Assistant Secretary so designated to act on his behalf, in officer cases in which the sentence extends to a dismissal; Article 71(b), UCMJ, 10 U.S.C. § 871(b) (2006);
(4) The Secretary, and when designated by him, the Under or Assistant Secretary, the Judge Advocate General or commanding officer; Article 74(a), UCMJ, 10 U.S.C. § 874(a) (2006). Congress did not grant either military judges or CCAs authority to suspend a sentence. United States v. Healy, 26 M.J. 394, 396 (C.M.A.1988).
In the 1980s, Congress directed that a commission be appointed to study changes to the UCMJ, including whether military judges and the CCAs should be granted authority to suspend sentences. The commission recommended that the system not be changed and Congress never implemented such a change. See The Military Justice Act of 1983: Advisory Commission Report, vol. I, pt. II, § VI, at 7 (1984).
In this case, the CCA thought the bad-conduct discharge that the convening authority approved should be suspended. Apparently recognizing that they did not have the power to suspend the bad-conduct discharge, they remanded the case to the convening authority for a new action, basically giving him two options — either approve a sentence *224 that did not include an unsuspended bad-conduct discharge or the CCA would set aside the bad-conduct discharge. The CCA was without authority to take such action.
In approving a sentence, the convening authority, “in his sole discretion, may approve, disapprove, commute, or suspend the sentence in whole or in part.” Article 60(c)(2), UCMJ. That authority has been characterized as “unfettered” as long as there is no increase in the severity of the punishment. United States v. Finster, 51 M.J. 185, 186 (C.A.A.F.1999); accord United States v. Scalo, 60 M.J. 435, 436 (C.A.A.F. 2005); see also United States v. Wiechmann, 67 M.J. 456, 461 (C.A.A.F.2009). By remanding in a case in which no legal error was found, the CCA unlawfully fettered the convening authority’s discretion.
As the CCA held that the part of the sentence extending to an unsuspended bad-conduct discharge was inappropriately severe, I would remand the case to the CCA with direction to affirm a sentence that does not include a punitive discharge.

. I would go further and hold that the Supreme Court’s four-prong plain error test applies to the Courts of Criminal Appeals.

. This case demonstrates the difference between preserving an issue for appeal by objecting at trial and raising the issue for the first time on appeal. In United States v. Fosler, the appellant preserved the issue by objecting to the specification at trial. 70 MJ. 225 (C.A.A.F.2011). Therefore, the burden was on the government to show that the failure to allege all the elements of the offense was harmless. The government was unable to do so.

. The majority does not define the term "throwaway charge.” Apparently, it is an offense for which the evidence is legally sufficient for conviction but one the majority would not have charged if they were the convening authority.

. Appellee had sexual intercourse with the wife of a deployed airman in the government quarters she shared with her family. Appellant's conduct goes to the very heart of conduct prejudicial to good order and discipline. It has a corrosive effect on the relationship of members in the unit and the morale of servicemembers who are deployed or may deploy in the future. See Manual for Courts-Martial, United States pt. IV, ¶ 62.c.(2) (2012 ed.); William Winthrop, Military Law and Precedents 724 (2d ed., Government Printing Office 1920) (1895).