U.S. v. Tittle

UNITED STATES, Appellee
v.
Todd A. TITTEL, Specialist Third Class
U.S. Navy, Appellant
 
No. 99-0571
Crim. App. No. 97-1224
 
United States Court of Appeals for the Armed
Forces
Argued January 11, 2000
Decided August 24, 2000
COX, S.J., delivered the opinion of the
Court, in which CRAWFORD, C.J., and GIERKE, J., joined. EFFRON, J., filed
an opinion concurring in part and in the result, in which SULLIVAN,J.,
joined.
Counsel

For Appellant: Lieutenant Dale O. Harris,
JAGC, USNR (argued).
For Appellee: Captain Michael D. Tencate,
USMC (argued); Colonel Kevin M. Sandkuhler, USMC, and Commander
Eugene E. Irvin, JAGC, USN (on brief); Lieutenant Timothy E. Curley,
JAGC, USNR.
Military Judge: R. B. Leo
 
 

This opinion is subject
to editorial correction before final publication.

Senior Judge COX delivered opinion of the Court.
Prior to the case at hand, in June of 1996,
a general court-martial convicted appellant of a number of charges, one
of which was shoplifting from the Navy Exchange in Sasebo, Japan.[1]
He was sentenced to be confined for 90 days and reduced to paygrade E-4.
In September of 1996, appellant was processed at an administrative separation
board because of his earlier court-martial conviction; the board recommended
a General Discharge.
The case at hand begins in October of 1996,
one day before the execution date of appellants discharge, when he was
caught shoplifting from the Navy Exchange, Yokosuka, Japan. While being
filmed by a video surveillance camera, appellant stole 44 items with the
total value of about $366.33. After this incident, Captain William D. Lynch,
Commanding Officer Fleet Activities, Yokosuka, Japan,[2]
ordered appellant not to enter any Navy Exchange facility. Appellant disobeyed
that order by entering a Navy Exchange.
Appellant was apprehended and charged with
several offenses. He was tried by a special court-martial, and pursuant
to his pleas was convicted of willful disobedience of a superior officer,
Captain Lynch, in violation of Article 90, Uniform Code of Military Justice,
10 USC § 890 and larceny, in violation of Article 121, UCMJ, 10 USC
§ 921. The court-martial sentenced appellant to be confined for 103
days, to forfeit $578 pay per month for 1 month, to be reduced to the paygrade
of E-1, and to be discharged from the Navy with a bad-conduct discharge.
The convening authority, also Captain Lynch, approved the sentence.
In an unpublished opinion the Court of Criminal
Appeals affirmed the conviction. However, the Court reduced the sentenced
confinement period from 103 days to 73 in order to comply with the pretrial
agreement.
We granted review of the following issue:

WHETHER THE NAVY-MARINE CORPS COURT OF
CRIMINAL APPPEALS ERRED BY AFFIRMING
APPELLANTS CONVICTION, WHERE THE
CONVENING AUTHORITY WAS AN ACCUSER AND
THUS COULD NOT CONVENE APPELLANTS
COURT-MARTIAL.

For the first time on appeal, appellant seeks
relief. Appellant contends that where an officers order is willfully disobeyed,
the officer is the victim of that crime. As such, the officer has a personal
interest in the disposition of the offense and becomes an "accuser." An
"accuser" is disqualified from convening a special court-martial. RCM 504(c)(1),
Manual for Courts-Martial, United States (1955 ed.).
Appellants argument is facially appealing.
Convening authorities must be neutral. His rationale is that where an officer
is the victim of willful disobedience, he cannot be neutral. Therefore,
he cannot be the convening authority for that same case of willful disobedience.
When addressing the question, the Court of
Criminal Appeals stated the following:

[T]he appellant contends that the convening
authority was an accuser and prohibited from convening his court-martial.
Based on the record before us, we find no evidence that Captain Lynch became
personally involved with the appellant to the extent that he became an
accuser. Assuming arguendo that he did become an accuser, which
we do not, his failure to forward the charges to the next higher level
of command for disposition was a nonjurisdictional error, which was waived
by the appellants failure to raise it at his court-martial. Rule for Courts-Martial
904(e), Manual for Courts-Martial, United States (1998 ed.); [United
States v.] Shiner, 40 M.J. [155,157 (CMA 1994)]. We find no
plain error. See United States v. Fisher, 21 MJ 327, 328
(CMA 1986); United States v. Powell, [49 MJ 460 (1998)]. In light
of the serious nature of the charges facing the appellant, we find it unlikely
that any competent authority would not have referred this case to a special
court-martial. Consequently, we find no fair risk that the appellant was
prejudiced by the error. See Art. 59(a), UCMJ.
Unpub. op. at 3.

Having reviewed the record, we agree with the
analysis of the Court of Criminal Appeals. Accordingly, we find that the
Navy-Marine Corps Court of Criminal Appeals did not err by affirming appellants
conviction.
The decision of the United States Navy-Marine
Corps Court of Criminal Appeals is affirmed.
FOOTNOTES:
1 Specifically,
appellant was convicted of: (1) unauthorized absence for failing to attend
a seabag inspection, in violation of Article 86, Uniform Code of Military
Justice, 10 USC § 886; (2) false official statement, for submitting
a travel voucher containing false information, in violation of Article
107, UCMJ, 10 USC § 907; (3) larceny, for stealing an orders endorsing
stamp from the TPU Yokosuka in violation of Article 121, UCMJ, 10 USC §
921; (4) forgery, for stamping the false travel voucher he submitted with
the stolen orders endorsement stamp and thereby falsely stating he was
on temporary duty to TPU Yokosuka when he was actually on leave, in violation
of Article 123, UCMJ, 10 USC § 923; (5) obstruction of justice, for
stealing a page from the TPD Sasebo quarter deck log book containing an
entry pertaining to an alleged unauthorized absence of appellant, in violation
of Article 134, UCMJ, 10 § 934; and (6) another larceny, for stealing
a disposable camera from the Navy Exchange Sasebo, in violation of Article
121.
2
Appellant was on active duty as an Operations Specialist Third Class, Transient
Personnel Unit, Fleet Activities, Yokosuka, Japan.

EFFRON, Judge, with whom SULLIVAN, Judge, joins
(concurring in part and in the result):
I agree with the majority opinion, except to
the extent that it may be read to suggest that this case provides an appropriate
vehicle for deciding whether the status of a convening authority as an
accuser can be passively waived, as opposed to being the subject of a knowing
and intelligent waiver. I note that the decision in this case is not based
upon waiver, but rests instead upon the conclusion that the convening authority
was not an accuser. The majority opinion appropriately endorses the holding
of the lower court that "[b]ased on the record before us, we find no evidence
that Captain Lynch became personally involved with the appellant to the
extent that he became an accuser." Unpub. op. at 3.
A personal order does not necessarily implicate
a commander's personal interest such that he becomes an "accuser" and is
disqualified as a convening authority. See United States v. Voorhees,
50 MJ 494 (1999). The order that appellant disobeyed was a routine, administrative
type of order that virtually automatically flowed from the fact of appellant's
arrest for shoplifting. No reasonable person would conclude that it represented
any personal, versus official, interest of Captain Lynch or that its violation
was an act that a commander would take personally. See Art. 1(9)
and 23(b), UCMJ, 10 USC §§ 801(9) and 823(b), respectively; United
States v. Gordon, 1 USCMA 255, 261, 2 CMR 161, 167 (1952). Under these
circumstances, the issue of waiver does not arise because the record does
not support appellant's contention that the convening authority had become
an accuser.

Home
Page  |  Opinions
& Digest  |  Daily
Journal  |  Scheduled
Hearings